426 So.2d 234 (1983)
Betty ALLEN
v.
DHHR, RUSTON STATE SCHOOL.
No. 82 CA 0409.
Court of Appeal of Louisiana, First Circuit.
January 5, 1983.
*235 James R. Dawson, Johnston, Thornton, Dawson, Hunter & Feinberg, Shreveport, for appellant.
Sidney Hall, Dept. of Health and Human Resources, Legal Div., Baton Rouge, for appellee.
Robert Boland, Jr., Dept. of Civil Service, Baton Rouge, for Herbert Sumrall, Director, Dept. of State Civil Service.
Before COVINGTON, LANIER and ALFORD, JJ.
COVINGTON, Judge.
This is an appeal from a judgment of the State Civil Service Commission upholding the removal of the appellant, Betty Allen, from her position as Resident Training Specialist I at the Ruston State School, Department of Health and Human Resources. We affirm the judgment.
Prior to July, 1979, Allen was a classified employee of DHHR, Ruston State School. By letter dated November 10, 1980, over the signatures of the Interim Facility Administrator and the Training Coordinator, she was given formal notice of termination effective immediately. The reasons for this action were stated as follows:
On Sunday, July 22, 1979, on the porch of Cottage 7, at approximately 11:00 AM, while assisting resident Donna Hildebrand, to church services in the school gymnasium, you did pull this resident's hair. This was witnessed by a co-worker, Minnie Holman. We were also informed by another co-worker Sharolyn Shyne, that this was not an unusual occurrence as she had witnessed your pulling Donna's hair on previous occasions. Another co-worker, Gladys Roberson, has made a written statement to the effect that on *236 July 22, 1979, you stated to her that you pulled Donna's hair while returning from church "so hard until you thought you had pulled her scalp out." Mrs. Roberson's written statement also indicates that you stated to her that on July 22, 1979, while returning from church services in the gymnasium, you "whipped" Donna. Investigation also revealed that at approximately 11:00 AM, July 22, 1979, in the T.V. Room of Cottage 7, you struck Donna with a ruler on the leg. It appeared that you were trying to get Donna to walk. Your actions were witnessed by several residents, namely: Tammy Bexley, JoAnn McCarter, Lori Lewis, Mary Alice Nellams, and Delsine Toussant.
Allen timely appealed her dismissal, contending that there was no basis for the charges made against her.
A public hearing was held in this case in Shreveport on November 3, 1981, before the Commission. At the hearing there was testimony from the personnel director at Ruston State School, who testified to the termination letter. She also testified that there are superintendent's policies making it a violation to pull a resident's hair and to strike a resident with a ruler.
Two fellow employees testified to observing Allen pulling the hair of Donna Hildebrand on July 22, 1979. It was stipulated that two residents would testify that they saw Betty Allen pull Donna's hair and spank her with a ruler on that date. The school nurse corroborated the testimony of these witnesses from her observation of red welts on Donna's thigh. The nurse received a report at that time regarding the incident in question. She also testified that Donna had many brief seizures that same afternoon.
Betty Allen denied pulling the resident's hair. She also denied spanking Donna with a ruler. She admitted that she knew that striking a resident or pulling a resident's hair violated the rules and regulations of the school.
The Commission's findings of fact were, as follows:
1. Joseph L. Sanders was delegated appointing authority verbally, which delegation was confirmed in writing, and therefore, Joseph L. Sanders, was the proper authority to levy the action in this matter.
2. Donna Hildebrand, a fifteen year old student at Ruston State School, had a history of seizures and had recently been hospitalized for one and a half to two weeks for these seizures.
3. Donna Hildebrand was a resident of Cottage 7 and was in the custody and charge of the appellant, who was the Cottage Parent of Cottage 7.
4. The regulations of the institution prohibit hair pulling of student residents and prohibit child abuse. Appellant admits that she was aware of the prohibition against hair pulling.
5. Appellant had been seen on past occasions pulling the hair of student residents and, specifically, had been seen pulling the hair of Donna Hildebrand on July 22, 1979.
6. On July 22, 1979, Donna Hildebrand had become unconscious and had had between twenty and forty brief seizures and developed a temperature of 103.8°.
The standard of appellate review of findings of fact in Civil Service Commission cases necessarily must be the same as that which exists for cases arising in the trial courts, i.e., the reviewing court is not to disturb the factual findings of the trier of fact in the absence of manifest error. Brook v. Louisiana State University, Baton Rouge Campus, 405 So.2d 1216 (La.App. 1st Cir.1981).
In the instant case the Commission found as a fact that, contrary to the policy and regulations of the institution and in spite of previous warnings, appellant pulled the hair of a resident on July 22, 1979. The resident had a history of seizures and recently had been hospitalized for this problem. Later on the day of the incident, she became unconscious and had a high fever and experienced numerous seizures. These facts are supported by sufficient and competent evidence and, as a matter of law, the *237 facts justify the action taken. Stiles v. Department of Public Safety, Drivers' License Division, 361 So.2d 267 (La.App. 1st Cir.1978).
Abuse of a resident in a state school directly contravenes the purpose of the school and constitutes disruption of the operation of the school, which is sufficient cause for termination. There was legal cause for the termination; the conduct complained of, i.e., hair pulling, is in direct violation of the institution's policy and previous warning to the employee, impaired the efficiency of the public service and disrupted the orderly operation of the state school at which appellant was employed. Thornton v. DHHR, 394 So.2d 1269 (La. App. 1st Cir. 1981). Allen's conduct on the date in question constitutes abuse of a resident, and in this case is particularly objectionable because of the resident's history of seizures.
There is no manifest error in the factual findings or conclusions of law of the commission, and we affirm. Sanders v. Department of Health and Human Resources, 394 So.2d 629 (La.App. 1st Cir.1980), writ denied 399 So.2d 602 (La.1981).
We thus hold that the appointing authority sustained its burden of proving that the action taken against Ms. Allen, i.e., termination, was proper and warranted under the circumstances of this case. Shelfo v. LHHRA, Pinecrest State School, 361 So.2d 1268 (La.App. 1st Cir.1978), writ denied 364 So.2d 122 (La.1978).
Appellant further contends that she was denied constitutional due process in that she was not afforded a pretermination hearing. Due process does not insist upon a pretermination hearing. The review procedure provided by La. Const. Art. 10, § 8 (1974)[1] furnishes adequate safeguards to assure that a classified employee will not be unfairly or unduly deprived of the rights bestowed upon her. See Glenn v. Newman, 614 F.2d 467 (5th Cir.1980). The decision in the Glenn case fully answers all constitutional objections raised by the appellant in the instant case. Procedural due process and its relation to the field of administrative law was discussed in Hamilton v. L.H. H.R.A., 341 So.2d 1190 (La.App. 1st Cir. 1976). From the record before us on appeal, we find that Ms. Allen's right to due process of law has not been violated.
On the question of failure to give the appellant prompt and adequate notice, we find that under the circumstances of this case Ms. Allen was given prompt and adequate notice. Originally the appellant was notified on July 26, 1979 of her termination for the causes related to the July 22, 1979 incident. In the Commission's opinion of October 22, 1980, Allen was successful in having her removal set aside because the appointing authority had failed to comply with Civil Service Rules in levying the disciplinary action. That appeal was not heard on the merits but was granted in favor of the employee on the ground that the appointing authority was procedurally deficient in its handling of her termination. After the rendition of the October 22, 1980 decision, the appointing authority, for the same cause as stated in the original notice of removal, again notified Ms. Allen on November 10, 1980, only 19 days after the Commission's decision, that she was being removed from her classified position as Resident Training Specialist I. We do not find the actions of the appointing authority to be unreasonable under the circumstances of the instant case.
Accordingly, and for the above reasons we affirm, at appellant's costs.
AFFIRMED.
NOTES
[1] Article 10, section 8 of the La. Const. of 1974 provides for written notice of the cause for the disciplinary action and accords the classified employee an appeal to the appropriate administrative body. Such employee is also given a right of judicial appeal from the administrative decision.