439 So.2d 484 (1983)
DEPARTMENT OF CORRECTIONS, HUNT CORRECTIONAL CENTER
v.
Paul R. MURRAY, Jr.
No. 82 CA 1059.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
*485 Annette R. Seng, Asst. Atty. Gen., Dept. of Justice, Baton Rouge, for appellant.
Daniel L. Avant, Avant & Falcon, Baton Rouge, for appellee.
Robert R. Boland, Jr., Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall, Director of the Dept. of State Civil Service.
Before PONDER, WATKINS and CARTER, JJ.
PONDER, J.
The Department of Corrections appealed the ruling of the State Civil Service Commission vacating the termination of a correctional employee.
The issues are whether defendant refused to obey a direct order from a superior and, if so, did that refusal impair the efficiency of the public service.
Defendant testified that following an order from his superior, Lt. Stanley Phillips, he transferred three inmates to administrative lockdown. While he waited for the leg irons to be returned, Lt. Phillips permitted him in the control area of the cellblock, or interlock, for a cup of coffee. A conversation between the two became heated and words were exchanged. Defendant was ordered out of the interlock. Defendant complied although he did not like the way the order was given. He stated he was not ordered to wait outside the cellblock.
Lt. Phillips testified that because defendant kept asking him questions that were not job-related, he ordered defendant out of the interlock so he could process the new inmates before count time. Defendant did not obey the order and Phillips had to repeat it. Defendant continued to argue and create a disturbance so Phillips then ordered him to leave the cellblock. Defendant refused and Phillips wrote a disciplinary report on him. Phillips stated he completed his urgent paperwork timely.
Sgt. Robert Legett testified he heard Phillips order defendant out of the cellblock because he had work to do. Defendant replied that he was not an inmate and was not going to leave until he got his leg irons.
Following the incident, defendant was interviewed by Major Edward Boeker, Col. Posey Roberson and Assistant Warden John Whitley. Each testified they recommended termination based on defendant's statement that he pretended not to hear Phillips' order because it could have been given in a better manner. Also, each stated that failure to obey orders promptly endangers security at the prison.
The Commission found that after defendant went out of the interlock to wait for his leg irons, both he and Phillips were in excited states, and that if in fact Phillips ordered defendant to leave the cellblock, he did not state the order in a clear and coherent manner which would have been recognized by defendant as a direct order.
The Commission also found that defendant's statement that he pretended not to hear an order given by Phillips referred to the earlier event when Phillips ordered defendant to transfer some inmates to lockdown. Defendant obeyed that order without responding. The incident was not cited as a cause for the disciplinary action.
An employee with permanent status subjected to disciplinary action has the right to appeal before the Commission, with the burden of proof on the appointing authority *486 to show cause for the action taken. La. Const. art. 10 § 8(A).[1]
Cause is found if the conduct complained of impairs the efficiency of the public service and bears a real and substantial relation to efficient and orderly operation of the public service in which the employee is engaged. Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962); Dent v. Department of Corrections, Louisiana Correctional Institute for Women, 413 So.2d 920 (La.App. 1st Cir.1982).
We cannot say the Commission was clearly wrong in finding that a direct order to leave the cellblock, if given, was not recognized as such by the defendant. References to the Ku Klux Klan and Black Panther organizations obviously agitated both defendant and Phillips. An order to leave the cellblock shortly thereafter could have been misinterpreted by the defendant. We will not disturb the Commission's finding. Allen v. DHHR, Ruston State School, 426 So.2d 234 (La.App. 1st Cir.1983).
Also, there was evidence to support the finding that defendant's statement that he pretended not to hear Phillips' order referred to the earlier order to transfer some inmates to lockdown. Defendant testified to that effect and Col. Boeker's comments, written after his interview with defendant, indicated that that was the order associated with the statement. We find no error.
Even if an order were given and disobeyed, the efficiency of the public service was not impaired. Phillips did not have to repeat the order and was able to complete processing the inmates before the inmate count. We agree with the Commission and do not find that this single incident was sufficient legal cause for defendant's termination. Ryder v. Department of Health and Human Resources, 400 So.2d 1123 (La. App. 1st Cir.1981).
For the above reasons, the decision of the State Civil Service Commission is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] La. Const. art. 10 § 8(A):

"No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing. A classified employee subjected to such disciplinary action shall have the right of appeal to the appropriate commission. The burden of proof on appeal, as to the facts, shall be on the appointing authority."