SAVOIE, Judge.
This is an appeal from two decisions of the State Civil Service Commission. The Commission upheld the suspension and termination of Linda Coleman, a Food Stamp Eligibility Worker II, for a violation of La.R.S. de^CA).[1] The Commission found *584 that Coleman gained information from a client within the course and scope of her duties as a Family Security Eligibility Case Worker and used this information in a private financial transaction with the client by which Coleman was enriched. We affirm.
Coleman was a case worker for a client in Greensburg, Louisiana. The Commission made the following findings of fact. In early December, 1981, Coleman and the client met in Coleman’s office, for the purpose of discussing the client’s food stamp eligibility. During the course of this meeting, Coleman became aware of a letter to the client concerning the fact that the client had not made mortgage payments for approximately one year. Coleman then offered to discuss this situation with Coates Credit Company, the holder of the mortgage on the client’s home. Sometime early that afternoon, Coleman spoke with Mr. Warren Coates, the owner/manager of Coates Credit. Coates informed Coleman the client had not made a mortgage payment in approximately one year and that there remained an unpaid balance on the client’s account of approximately $2,600.00. Coates also indicated that he was preparing to initiate foreclosure proceedings. Coates suggested that Coleman could help the client by purchasing the client’s home.
After this conversation, Coleman spoke with the client and suggested that the client sell her the house. She further proposed to rent the property to the client in order to allow her to continue to live on the property. The client did not ask Coleman to purchase her property. On December 16, 1981, Coleman and the client executed an act of cash deed conveying to Coleman the property and the house in which the client lived.
In January, 1982, the client’s daughter reported to another Eligibility Worker that Coleman had purchased the client’s house. Coleman’s supervisor began an investigation of the matter. On June 22, 1982, a letter was sent to Coleman which suspended her indefinitely beginning June 30, 1982. On October 26, 1982, Coleman was sent a letter which informed her that she was being terminated as of October 27, 1982. The letter stated she was being terminated for making use of information gained by virtue of her position as an Eligibility Worker for purposes not directly connected with the administration of the Food Stamp Program when she purchased a client’s property in December, 1981. This was alleged to be in violation of La.R.S. 46:56(A). The letter also stated that she failed to report rent paid by the client on a Budget form, which would have affected the client’s food stamp allotment. The letter further gave as a reason for termination that she disregarded the rules and regulations of the department. Because we find that the alleged violation of La.R.S. 46:56(A) is dispositive of this appeal, we need not address the other reasons stated in the letter.
A reviewing court is not to disturb the factual findings of the trier of fact in the absence of manifest error. Allen v. DHHR, Ruston State School, 426 So.2d 234 (La.App. 1st Cir.1983). The record amply supports the finding that Coleman purchased the client’s property subsequent to meeting with the client in Coleman’s office. The record shows that Coleman purchased the house for approximately $2,600.00, and immediately thereafter used the property as security for a loan, by encumbering it with a mortgage for $6,000.00. Coleman thus enriched herself on the basis of information which came to her attention pursuant to her official duties.
Coleman argues that because the client record contains no written statement that the client was in default on any of the payments to Coates, she cannot have “made use of” information contained therein. This argument is fallacious for at least two reasons. First, the record contains a payment card which shows that only two payments of $120.89, have been paid on a *585 loan with a beginning balance of $2,901.36. This is evidence that would put someone on notice that a sum was owed. Secondly, it is not contradicted that the client told Coleman that money was owed on the property while in Coleman’s office'on official business. Information gained from speaking with a client is entitled to the same protection of confidentiality as is a written record. This is especially true in light of the fact that it was Coleman’s responsibility to make what the client orally relates to her a part of the written case record. For these reasons, the above argument has no merit.
It is beyond question that the relationship between Coleman and the client was one in which trust was a vital factor. In order to apply for food stamps, the client must divulge highly personal information regarding his or her financial condition. It would be intolerable to allow someone in this position of trust to use this position for personal enrichment. The facts of this case show that La.R.S. 46:56(A) was violated, and this is adequate cause for the employee’s termination.
Cause for disciplinary action is found if the conduct complained of impairs the efficiency of the public service and bears a real and substantial relation to efficient and orderly operation of the public service in which the employee is engaged. Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962); Department of Corrections, Hunt Correctional Center v. Murray, 439 So.2d 484 (La.App. 1st Cir.1983). Here, confidential information was used for the personal gain of Linda Coleman at the expense of her client. Such action was disruptive of the orderly operation of the Greensburg, Louisiana Food Stamp Office. The conduct of Linda Coleman warrants termination.
For the above and foregoing reasons, the decisions of the Civil Service Commission are affirmed, at appellant’s costs.
AFFIRMED.

. La.R.S. 46:56(A):
A. Applications fof assistance and information contained in case records of clients of the Department of Health and Human Resources shall be confidential and, except as otherwise provided, it shall be unlawful for any person to solicit, disclose, receive, make use of, or to authorize, knowingly permit, participate in, or acquiesce in the use of applications or client case records or the informa *584 tion contained therein for any purpose not directly connected with the administration of the programs of the department. (Emphasis ours).