ALFORD, Judge.
This is an appeal from the termination of plaintiff-appellant, Thaddius Duncan, from the position of Deputy Fire Marshall I in the State of Louisiana, Department of Public Safety, Office of Fire Marshall. Carol L. Herring, State Fire Marshall, advised Duncan by letter that he had been terminated upon information furnished by Richard L. Calhoun, District Supervisor of the State Fire Marshall Office in Shreveport, Louisiana.
Herring’s letter dated September 9,1982, notified Duncan that his termination was effective at the close of business on September 10, 1982, and that his verbal suspension of August 26, 1982, pending investigation, was confirmed. As cause for these actions, Duncan is charged with failing to timely submit the June, 1982, monthly report and the weekly report for June 28 — July 2, 1982; failing to timely inspect the new construction projects assigned to him; failing to timely submit the monthly report for July, 1982, and the weekly reports for July 26 — July 30, 1982; failing to timely correct and return to the District Supervisor fourteen inspection reports after being instructed to do so; failing to inspect a state rental location in Winnfield during the week beginning August 9, 1982, and failing to include the inspection report of that location in the weekly report due by August 17, 1982, after having been in *798 structed to do so. In support of the severity of the disciplinary action, the termination letter refers to the fact that Duncan had been apprised on many occasions concerning his unsatisfactory work performance, that he was given an unsatisfactory service rating in April, 1982, that he was suspended for three days by letter dated March 11, 1982, and that he was also suspended for thirty days by letter dated April 13, 1982.
A hearing was requested and had before the Honorable Norman W. Ershler, Civil Service Commission Referee, on February 1, 1983, in Bossier City, Louisiana, and an opinion was rendered on June 3, 1983, upholding Duncan’s termination on the above specified grounds.
On June 16, 1983J a petition to the State Civil Service Commission to review the referee’s decision was filed by Duncan and on October 7, 1983, the State of Louisiana, Civil Service Commission, rendered an order upholding his termination. Duncan then appealed to this court.
It is well settled that permanent civil service employees may be dismissed from employment for disciplinary reasons only for cause. La. Const, art. X, Section 8(A). Cause is found to exist if the conduct complained of impairs the efficiency of the public service and bears a real and substantial relationship to the efficient and orderly operation of the public service in which the employee is engaged. Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962); Dept. of Corrections v. Murray, 439 So.2d 484 (La.App. 1st Cir. 1983).
Further, the burden of proving such cause rests upon the appointing authority, requiring that it show by a preponderance of the evidence that the employee’s conduct did in fact impair the efficient and orderly operation of the state service. Sutherland v. Board of Commissioners, 459 So.2d 1282 (La.App. 1st Cir.1984); Thornton v. DHHR, 394 So.2d 1269 (La.App. 1st Cir. 1981.) Such proof is sufficient to constitute a preponderance when, taken as a whole, it shows that the act to be proven is more probable than not.
Duncan’s failure to timely submit the various reports, changes on reports, and the other findings of fact made by the referee, show that cause for his dismissal had been clearly found. The efficiency of the public service was impaired and that impairment bore a real and substantial relationship to the efficient and orderly operation of the public service. Hence, the appellee has borne its burden of proof and the termination of Duncan is therefore affirmed at his costs.
AFFIRMED.