442 So.2d 554 (1983)
Alvin THOMAS
v.
DEPARTMENT OF CORRECTIONS, OFFICE OF PROBATION AND PAROLE.
No. 83 CA 0099.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
*555 James A. Gray, II, Jefferson, Bryan & Gray, New Orleans, for appellant.
James A. Wayne, Asst. Atty. Gen., Dept. of Justice, Baton Rouge, for appellee.
Robert R. Boland, Jr., Civil Service Legal Counsel, Dept. of Civil Service, Baton Rouge, for Herbert L. Sumrall, Director of the Dept. of State Civil Service.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
Alvin Thomas was dismissed from his permanent position as Probation and Parole Specialist I with the Louisiana Department of Corrections. By letter dated November 25, 1981, and signed by John T. King, Secretary of Corrections, Thomas was given written confirmation of his suspension of November 19, 1981, and was advised of his termination effective December 3, 1981. The letter charged Thomas with violation of Department of Corrections Employee Rules and Procedures No. 13(c) which provides that "[n]o employee shall take or attempt to take the property of inmates or the state, nor use such property for his benefit or the benefit of another." The letter specified that on November 19, 1981, Thomas borrowed $20.00 from one of his probationers.
On December 14, 1981, Thomas appealed his termination to the Civil Service Commission. He set forth two bases for the appeal: (1) that he was terminated for making an honest mistake, and (2) that the disciplinary action taken was too severe. A hearing was held before the Commission. The Commission found that Thomas admitted that he borrowed $20.00 from Jeffery Latten, one of his probationers. The Commission further found that the borrowing of money by a probation officer from an individual on probation "totally destroys the proper working relationship" between said individuals and that "the probation officer's individual credibility, as well as the credibility of all probation officers, is adversely affected when the situation complained of herein is allowed to exist." The Commission concluded that the appointing authority acted properly in dismissing Thomas.
In this court, Thomas contends that (1) borrowing money does not violate Department of Corrections Employee Rules and Procedures No. 13(c) and that (2) dismissal was too harsh.
The decisions of the Commission are subject to review on any question of law or fact. La. Const. art. X, § 12; Dundy v. Louisiana State University, Etc., 394 So.2d 650 (La.App. 1st Cir.1980). It is well established that the standard of review in cases on appeal from the Commission is the same standard used in reviewing decisions from the trial courts. The factual determinations of the Commission will not be set aside unless they are shown to be manifestly erroneous. Department of Public Safety v. Rigby, 401 So.2d 1017 (La.App. 1st Cir.1981), writ denied, 406 So.2d 626 (La.1981); Albert v. Louisiana State Penitentiary, 396 So.2d 340 (La.App. 1st Cir.1981).
Thomas admitted, both in his letter of appeal to the Commission and in his testimony at the hearing, that he borrowed $20.00 from an individual under his supervision. Furthermore, he stated in his letter of appeal that "I realize that what I did was wrong and disciplinary action should be taken...." Although Thomas did not read the employee rules and procedures book, he signed a document which stated that he had received a copy of the rule book and understood that he was expected to be familiar with its contents. Thomas *556 stated that at the time of the loan he did not realize that the loan created a conflict of interest. However, he testified at the hearing that it was "now" blatantly obvious to him that borrowing money from probationers was improper. We agree with the finding of the Commission that Thomas violated rule 13(c).[1]
A person who has gained permanent status in the classified State service may be subject to disciplinary action if the conduct complained of impairs the efficiency of the public service and bears a real and substantial relation to the efficient and orderly operation of the public service in which the employee is engaged. Williams v. Department of Public Safety, Etc., 415 So.2d 543 (La.App. 1st Cir.1982). Testimony revealed that when probation officers borrow money from those under their supervision, their effectiveness is destroyed. This is partly due to the fact that the individual from whom the loan is requested does not perceive that he has a free choice to reject the request. Edward Nick, the district administrator, testified that he and others deliberated at length before they decided to fire Thomas but concluded that termination was necessary because his actions threatened the integrity of the office. We agree with the Commission that the appointing authority sustained its burden of proof and that the action taken was proper. Its decision is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] Although rule 13(c) does not specifically state that loans are proscribed, borrowing money comes within the prohibition against using property of probationers "for his benefit or the benefit of another."