459 So.2d 1282 (1984)
Nathaniel SUTHERLAND
v.
BOARD OF COMMISSIONERS, Port of New Orleans.
No. 83 CA 1272.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
*1283 Frank W. Lagarde, Jr., New Orleans, for plaintiff-appellant.
Joseph W. Fritz, New Orleans, for defendant-appellee.
Robert R. Boland, Jr., Baton Rouge, for H. Sumrall.
Before COLE, CARTER and LANIER, JJ.
CARTER, Judge.
This is an appeal from a decision of the Louisiana Civil Service Commission terminating the employment of appellant, Nathaniel Sutherland, for fighting on the job.
On October 7, 1982, appellant was employed as a work crew foreman for the Board of Commissioners, Port of New Orleans. One of the duties of the work crew foreman was to insure that a sufficient supply of ice was maintained in the ice storage box for the work crew. On the above date, Johnell Campbell and his co-worker, James Broadway, were delivering ice to appellant when an argument arose as to whether Campbell would place the ice into appellant's ice storage box. As a result of this argument, a fight ensued.
After hearing the evidence adduced and viewing the witnesses' demeaner, the Referee found that appellant abused his authority as foreman and had instigated the fight. Having so found, the Referee affirmed appellant's termination of employment for cause. Appellant failed to request a review of the Referee's findings and decision; therefore, they are the findings and decision of the Commission. Civil Service Rule 13:36(e).
In the instant matter, appellant asserts that the Civil Service Commission erred in seven respects.[1] We note that all of appellant's *1284 assignments of error pertain to the Referee's findings of fact. Accordingly, we will treat them as one.
Permanent civil service employees may be dismissed from employment for disciplinary reasons only for cause. La. Const. Art. X, § 8(A).[2] Cause is found to exist if the conduct complained of impairs the efficiency of the public service and bears a real and substantial relationship to the efficient and orderly operation of the public service in which the employee is engaged. Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (La.1962); Dept. of Corrections v. Murray, 439 So.2d 484 (La.App. 1st Cir.1983). The burden of proving such cause rests upon the appointing authority, requiring that it show by a preponderance of the evidence that the employee's conduct did in fact impair the efficient and orderly operations of the State service. La. Const. Art. X, § 8; Thornton v. DHHR, 394 So.2d 1269 (La.App. 1st Cir. 1981). Such proof is sufficient to constitute a preponderance when, taken as a whole, it shows that the fact to be proven is more probable than not. Aubert v. Charity Hospital of Louisiana, 363 So.2d 1223 (La.App. 4th Cir.1978), writ denied, 365 So.2d 242 (La.1978). Moreover, the Commission's findings of fact are entitled to great weight and will not be set aside, absent a showing of manifest error. Thomas v. Dept. of Corr., Office of Prob., 442 So.2d 554 (La.App. 1st Cir.1983), and cases cited therein.
The uncontroverted evidence presented to the referee clearly established the following facts. The Board of Commissioners of the Port of New Orleans had a policy that prohibited employees from fighting, and anyone who violated that policy, other than in self-defense, would be terminated. On October 7, 1982, Campbell and his co-worker Broadway were delivering ice to appellant's work area. Appellant told Campbell to put the ice into the ice storage box. Campbell refused, whereupon appellant radioed Campbell's supervisor, Freddie Latham, to inform him of the potential problem. Latham told Campbell to put the ice into the storage box, whereupon Broadway began to do so. Appellant told Broadway to stop loading the storage box with ice and ordered Campbell to put the ice into the box. From this point on, there is considerable conflict in the testimony. Campbell testified that as he turned to walk away from appellant, he was struck by appellant without provocation. He then struck back in self-defense. Campbell testified that appellant then picked up a shovel and attempted to strike him with it.[3] Broadway testified that he did not see who initiated the fight. However, he testified that when he turned around, he saw Campbell's eyeglasses askew. He testified that Campbell then removed his glasses and commenced to fight. Appellant testified that immediately after the argument, he walked away from Campbell and was hit from behind without provocation. Appellant testified that at that point he picked up a shovel in self-defense. Sam Green, one of appellant's subordinates, testified that Campbell struck appellant first, knocking him to his knees. Thereafter, Green forcibly removed Campbell from the work shed, but Campbell returned to strike appellant again. Green testified that appellant never threw a punch.
*1285 From the facts adduced and the general demeanor of the witnesses, the Referee found Campbell's version of the incident to be more credible. The Referee concluded that appellant had abused his authority as supervisor in instigating the fight. As such, the Board of Commissioners of the Port of New Orleans had carried its burden of proving that appellant was the aggressor and that his conduct warranted the termination of his employment.
After a careful review of the entire record, we cannot say that the Commission's findings of fact were manifestly wrong. Arceneaux v. Domingue, supra; Thomas, supra. For the above reasons, the judgment of the Louisiana Civil Service Commission is affirmed. Appellant is to pay all costs of this appeal.
AFFIRMED.
NOTES
[1] Appellant's assignments of error provide that:

I. The decision of the Civil Service Commission is contrary to law since the Commission erred in finding that Appellant was the instigator of and the aggressor in reference to an incident between Appellant and another employee of the Dockboard, Board of Commissioners, Port of New Orleans.
II. The decision of the Civil Service Commission is contrary to law since the Commission erred in finding that Appellant in any way participated in the alleged physical altercation between Appellant and another employee of the Board of Commissioners, Port of New Orleans.
III. The decision of the Civil Service Commission is contrary to law since the Commission erred in not finding that any of the Appellant's actions were carried out in self-defense.
IV. The decision of the Civil Service Commission is contrary to law because the Commission contenanced the removal of employee with fourteen years of service by means of ambiguous, vague, misleading, incomplete and erroneous charges which did not constitute sufficient grounds for the termination of any employee and that further any disciplinary action taken was too severe in light of appellant's work history.
V. The decision of the Civil Service Commission is contrary to law because in sustaining the Appointing Authority's dismissal, the Commission failed to note the obvious weak testimony of the Appointing Authority's witnesses regarding the charges.
VI. The decision of the Civil Service Commission is contrary to law and evidence since the evidence adduced at the Civil Service Commission hearing did not support a finding that appellant engaged or provoked an altercation with Johnell Campbell, a fellow employee. The Commission further erred in not accepting the testimony of Appellant nor Appellant's witness.
VII. The decision of the Civil Service Commission is contrary to law since the Commission erred in failing to reinstate Appellant, Nathaniel Sutherland, to his former position with all back pay and emoluments of his office, including reasonable attorney's fees.
[2] La. Const. Art. X, § 8(A) provides in pertinent part:

No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing.
[3] Appellant, in attempting to exonerate himself from any wrongdoing, relies on Campbell's guilty plea in a criminal prosecution for disturbing the peace, which resulted from the fight in the instant case. Appellant reasons that such guilty plea establishes that Campbell initiated the fight which lead to appellant's termination and conclusively proves that appellant acted in self-defense. Although a guilty plea is an admission against interest and is admissible as relevant evidence to show fault, it may be given some weight but is not conclusive. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Moore v. Skidmore, 301 So.2d 428 (La.App. 4th Cir. 1974).