697 So.2d 348 (1997)
Terri MILES, wife of/and David Miles, individually and as the natural tutrix/tutor of their minor son Steven Douglas Miles
v.
LOUISIANA LANDSCAPE SPECIALTY, INC., Randy Loup d/b/a Loup's Lawn & Garden Center, Paul Relle, Kirk Andrew Theriot, d/b/a Parkside Cafe and Driveside Daiquiris, Jim Gibbens and Glen Ferguson.
No. 97-CA-118.
Court of Appeal of Louisiana, Fifth Circuit.
June 30, 1997.
*349 Clement P. Donelon, Metairie, for Plaintiffs/Appellees.
James F. Ryan, Metairie, for Defendant/Appellant Paul Relle.
Before GAUDIN, GRISBAUM and WICKER, JJ.
WICKER, Judge.
This is a civil suit for sexual assault and battery of a minor. On May 13, 1995, the minor, Stephen Douglas Miles, was a 15-year-old boy employed by Louisiana Landscape Specialty, Inc. and Randy Loup d/b/a Loup's Gardening. Paul Relle, an adult employee of the defendant companies and the boy's supervisor, invited the boy to a cafe/daiquiri shop for lunch, stating he wanted *350 to discuss the job with the boy. They were at the cafe for several hours, during which the minor drank eight beers and played video poker. Thereafter Relle took the boy to the home of Jim Gibbons and Glen Ferguson, where the sexual assault and battery took place. Relle subsequently was arrested for and pleaded guilty to oral sexual battery.
The parents of Stephen Douglas Miles filed suit not only against Relle, but also against the owners of the landscaping companies for which Relle worked, the owner of the cafe, and the owners/occupants of the home at which the sexual offense occurred. Some time after suit was filed, plaintiffs filed a motion for partial summary judgment as to Relle only, which the trial court granted. Relle has appealed.

ISSUES

Partial Summary Judgment as to One Defendant Only
Relle argues the trial court erred in granting partial summary judgment on the issue of his liability because the court failed to rule on any other party's liability, although the pleadings and evidence in the record implicate those parties. Appellant contends the partial summary judgment should be reversed because it does not dispose of all liability issues between all parties. Appellant also contends the summary judgment was improper because it ruled only on one theory of plaintiffs' case, without disposing of all theories.
In response, plaintiffs contend the partial summary judgment as to Relle alone was proper, because it adjudicated all liability issues between plaintiffs and Relle, which is part of the relief prayed for by plaintiffs.
La.Code Civ. P. Art. 1915 permits rendition of a partial final judgment when the court grants a motion for summary judgment pursuant to Arts. 966-969 (excepting summary judgments as to insurance coverage, which are interlocutory judgments). Those articles permit a party to move for summary judgment for all or part or part of the relief for which he has prayed, La.Code Civ. P. art. 966(A), and allow a summary judgment to be rendered on the issue of liability alone even though there is a genuine issue as to the amount of damages, La.Code Civ. P. Art. 966(E). A summary judgment may properly be sought and a final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case. La. Code Civ. P. Art. 1915(A)(3). Nosser v. Health Care Trust Fund Bd. of City of Shreveport, 27,619 (La.App. 2 Cir. 1/24/96); 666 So.2d 1272, 1278. A finding of liability against Relle is part of the relief sought by the plaintiffs. Accordingly, it is properly the subject of a motion for partial summary judgment.
Relle further contends that partial summary judgment was improper because it did not completely resolve all issues of liability between all the partiesthat is, it did not address comparative fault among the defendants. For that stated principle Relle relies on a fourth circuit case, Williams v. City of New Orleans, 93-2043 (La.App. 4 Cir. 5/17/94); 637 So.2d 1130, 1132, writ denied, 94-1587 (La.10/7/94), 644 So.2d 632.
Appellant misinterprets that decision, however. In Williams the court stated, "[A] determination of tort liability for purposes of granting a partial judgment includes the requirement of a determination of comparative fault, i.e., on any particular claim the question of liability must be completely resolved between the parties for and against whom the partial summary judgment is rendered." (Emphasis added.) Thus, as long as the liability between the parties to the motion is resolved in the decision, partial summary judgment may be granted.
Further, the doctrine of comparative fault between plaintiff and defendant does not apply here, where the act Relle is alleged to have committed is an intentional tort:
The case law of most jurisdictions does not allow either contributory negligence or comparative fault as a defense to an intentional tort. * * * Comparative negligence, which has taken the place of contributory negligence in Louisiana, is likewise not applicable to reduce the damages *351 to which the victim of an intentional tort is entitled. Woods, H., Comparative Fault, §§ 7.1 and 7.2. (The Lawyers Co-Operative Publishing Co., 1978).
Hebert v. First Guar. Bank, 493 So.2d 150, 155 (La.App. 1 Cir.1986).
In this case, comparative fault is not applicable to the intentional tort of sexual assault and battery of a minor and the partial summary judgment completely resolves the question of liability between Relle and plaintiffs.[1]

Adverse Inference from Failure to Testify
Appellant next asserts the trial court erred by relying on an adverse inference from Relle's failure to appear for a civil deposition shortly before his criminal trial, although the appellees had four months between the criminal trial and the filing of their motion for partial summary judgment to depose Relle. Appellant contends that no adverse inference should be made when a person facing criminal charges exercises his Fifth Amendment right against self-incrimination when his criminal case is pending, but has been available for a deposition after the conclusion of his criminal trial without the opponents attempting to depose him.
In response, plaintiffs assert that a party's refusal to testify in a civil proceeding on Fifth Amendment grounds may be used against him in the civil proceeding. Thus, they argue, the court may draw an adverse inference from Relle's failure to appear for the deposition. Plaintiffs assert the adverse inference is additional evidence on which the court was entitled to rely in granting summary judgment.
In Baxter v. Palmigiano, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976), the U.S. Supreme Court commented on the issue of silence by a witness in a civil proceeding:
"... the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them: the Amendment `does not preclude the inference where the privilege is claimed by a party to a civil cause.' 8 J. Wigmore, Evidence 439."
We interpret that finding to mean that in a civil case, a negative inference may be drawn against a party to the action who asserts his Fifth Amendment privileges. We do not find that a negative inference should be reached by a court against either party when a disinterested, nonparty witness refuses to testify on Fifth Amendment grounds.
Economy Auto Salvage, Inc. v. Allstate Ins. Co., 499 So.2d 963, 977 (La.App. 3 Cir.1986).
Accordingly, the trial court did not err in placing an adverse inference on Relle's failure to testify.

Effect of Victim's Contradictory Statements
Relle asserts the trial court erred by not considering the contradicting evidence between what the victim said in his deposition and what he reported to the doctor who examined him following the incident, because the inferences from those contradictions should be in Relle's favor.
Specifically, Dr. Frank Bissant examined the boy the night of the incident. Dr. Bissant said that the patient made it "quite clear *352 that details are sketchy, some things are a blur; he's not really certain." However, the patient did relate that "Paul began to manipulate, to suck his penis" while he was in the shower. He recalled being anally penetrated in some way while in the shower, but did not relate to Dr. Bissant that anything occurred in a car. At his deposition, on the other hand, the victim testified that Relle began sexual approaches while they were still at the cafe drinking, by placing his hand on the boy's genitals. He also said that when they left in Relle's car, he was drunk and fell asleep. When he woke up his pants were unzipped and Relle had his penis in his mouth. The boy stated that each time he pushed Relle away.
Appellant contends there is a material issue of fact concerning what happened to the victim because his deposition testimony contradicts his statement to the doctor on the day of the incident.
Plaintiffs respond that the doctor said there was no evidence to indicate that Relle had not committed oral sexual battery on the victim, and Relle offered no such evidence in opposition to the motion for summary judgment. They assert that, in the absence of countervailing affidavits, there is no dispute regarding the facts set forth by the movers.
La.Code Civ. P. Art. 966(C) provides:
C. After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted against an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.
In support of plaintiffs' claim that Relle committed oral sexual battery on their son, plaintiffs offered excerpts from their son's deposition and from Dr. Bissant's deposition, answers to interrogatories by Jim Gibbons, and copies of the Boykin examination, minute entry and commitment of Paul Relle pursuant to his guilty plea to oral sexual battery. Relle offered no affidavits, depositions or documents in opposition. The alleged conflict between Stephen Douglas Miles' statements in his deposition and what he told Dr. Bissant on the date of the incident does not create a genuine issue of material fact regarding Relle's liability.

Effect of Unwilling Guilty Plea
Finally, Relle contends the trial court erred when it relied on Relle's guilty plea because it originally was to be a nolo contendere plea, but was changed to guilty at the insistence of the victim. Appellant argues that a motion for summary judgment cannot rest on a guilty plea changed from a nolo contendere plea at the appellee's insistence.
Plaintiffs contend Relle's guilty plea to have committed an oral sexual battery on and contributed to the delinquency of a juvenile was a judicial declaration against interest. Thus, it is competent evidence in the summary judgment proceeding. Further, they assert their son testified specifically regarding Relle's actions, thereby providing the court with enough evidence for summary judgment.
Relle cites no law in support of his argument. However he may have wished to plead originally, the fact remains that ultimately he entered a guilty plea and that plea may be used against him in a civil proceeding. "Although a guilty plea is an admission against interest and is admissible as relevant evidence to show fault, it may be given some weight but is not conclusive." Sutherland v. Board of Com'rs, 459 So.2d 1282,1285 (La. App. 1 Cir.1984). On the record before us, however, there is other evidence supporting plaintiffs' claims regarding Relle's liability, and nothing to refute that evidence. Accordingly, we find no merit to this assignment.
For the foregoing reasons, the partial summary judgment against Relle is affirmed. Costs of this appeal are assessed against the appellant.
AFFIRMED.
NOTES
[1] In 1996 La. Civ.Code Art. 2323 was amended to incorporate these principles by addition of Subsection C, as follows:

A. In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined * * *. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.
B. The provisions of Paragraph A shall apply to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability.
C. Notwithstanding the provisions of Paragraphs A and B, if a person suffers injury, death, or loss as a result partly of his own negligence and partly as a result of the fault of an intentional tortfeasor, his claim for recovery of damages shall not be reduced. [Emphasis added.]
La. Civ.Code Art. 2323, as amended by Acts 1996, 1st Ex.Sess., No. 3, § 1, eff. April 16, 1996.