JiDECUIR, Judge.
This personal injury damage case arises out of a drive-by shooting which took place on the streets of the City of Natchitoches. The sole issue on appeal is whether the driver of the car which carried the shooter is liable in solido with the shooter for the damages suffered by the victim. We affirm the trial court’s holding that the driver is liable in solido with the shooter.
FACTS
On May 1, 1994, at approximately 3:00 A.M., the defendant, Leslie Remo, was stopped on the old Cane River Bridge talking to the occupants of another car. Plaintiff, Eric Crowder, was a passenger in an automobile which was attempting to cross the bridge. After Remo and the other vehicle cleared a lane on the bridge, someone in the Crowder vehicle, though not Crowder, shouted racial slurs and obscene comments at Remo and those with him. Kevin Morris, the passenger in Remo’s truck, had previously planned to stay with the occupants of the other vehicle and had been in their ^vehicle earlier. Consequently, his gun was still in their car. After the verbal exchange, Morris asked for his gun. Remo relayed the message, and the gun was returned. Remo and Morris immediately took off after the Crow-der vehicle.
When they caught up with the Crowder vehicle, Remo pulled alongside and another verbal exchange took place. Morris, who was hanging out of the window, pulled his gun and shot the Crowder vehicle. The bullet penetrated the side of the car and lodged in Crowder’s heel.
Crowder was rushed to the hospital, where the bullet was removed and he was released. Thereafter, he began seeing an psychiatrist who diagnosed post traumatic stress syndrome. Crowder filed suit and took a default judgment against Morris. After a bench trial, the judge rendered judgment against Remo finding he had committed an intentional tort and holding him liable in solido with Morris for damages in the amount of $50,-834.00. Remo lodged this appeal.
LAW AND DISCUSSION
Remo contends that the trial court erred in finding him liable in solido with Morris for the shooting. We disagree.
La.Civ.Code art. 2324(A) provides that:
A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.
In interpreting this provision, the first circuit noted that the jurisprudence clearly requires a meeting of the minds or collusion between the parties for the purpose of committing wrongdoing. Stephens v. Bail Enforcement of La., 96-0809 (La.App. 1 Cir. 2/14/97); 690 So.2d 124. “Evidence of such a conspiracy can be actual knowledge, overt actions with another, such as arming oneself in anticipation of apprehension, or |3inferred from the knowledge of the alleged co-conspirator of the impropriety of the actions taken by the other co-conspirator.” Id. at p. 10; 131.
In order to hold a defendant hable for another’s act of shooting the plaintiff, the fact finder must find that the defendant knew, or should reasonably have known, that the other person intended to commit the act. See Hebert v. Angelle, 600 So.2d 832 (La.App. 3 Cir.), twit denied, 604 So.2d 997 (La.1992). The trial court’s findings of fact are subject *974 to the manifest error or clearly wrong standard of review, and reasonable evaluations of credibility and reasonable inference of fact should not be disturbed on review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989).
In the instant ease, the evidence of the alleged conspiracy consisted of Remo’s own testimony and his actions on the night of the shooting. Remo’s testimony establishes clearly that he knew Morris had a gun and in fact helped him obtain that gun. His self-serving contention that he was unaware of Morris’ purpose and that Morris merely wanted the gun because his sleeping plans had changed is contradicted by his testimony that the other vehicle was turning around to go meet with Remo and Morris in the Payne subdivision. Clearly then, there was no urgent need for Morris to obtain his gun if the parties intended to meet later. Moreover, as soon as Morris got his gun, Remo took off in pursuit of the Crowder vehicle and, in fact, pulled alongside facilitating the shooting of Crowder.
Moreover, Remo entered a plea of guilty to a charge of aggravated battery and was sentenced to three years probation. While such a plea is not conclusive evidence, it may be given some weight as it is an admission against interest and is relevant evidence to show fault. Miles v. Louisiana Landscape Specialty, 97-118 (La.App. 5 bCir. 6/30/97); 697 So.2d 348; Sutherland v. Board of Com’rs, 459 So.2d 1282 (La.App. 1 Cir.1984).
Under these circumstances, the trial court’s finding that Remo is liable in solido with Morris under the provisions of La.Civ. Code art. 2324(A) is not manifestly erroneous or clearly wrong. Accordingly, the judgment of the trial court is affirmed. All costs of this appeal are taxed to defendant/appellant, Leslie Remo.
AFFIRMED.