STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-262

REBECCA OWENS, INDIVIDUALLY AND ON BEHALF OF
MICAH OWENS

VERSUS

JOSHUA G. BYERLY, ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2001-1208
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy and
Shannon J. Gremillion, Judges.

AFFIRMED.

John E. Jackson
Jackson Law Firm
Post Office Box 1239
Lake Charles,  LA  70602-1239
(337) 433-8866
COUNSEL FOR PLAINTIFF/APPELLANT:
    Rebecca Owens

Steven D. Crews
Corkern & Crews, L.L.C.
Post Office Box 1036
Natchitoches, LA  71457-1036
(318) 352-2302
COUNSEL FOR DEFENDANT/APPELLEE:
    Erin Brantley

**Michael W. Campbell**
**Caffery, Oubre, Dugas**
**301 E. Kaliste Saloom, Suite 301**
**Lafayette, LA 70508**
**(337) 232-6581**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Sherman West**
**Kinetic Concepts Therapeutic Services, Inc.**
**KCI Therapeutic Services**

**John M. Veron**
**Bice, Palermo & Veron**
**Post Office Box 2125**
**Lake Charles, LA 70602-2125**
**(337) 310-1600**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Frank Martarona**

**Phillip W. DeVilbiss**
**Scofield, Gerard, Singletary, Pohorelsky, L.L.C.**
**Post Office Box 3028**
**Lake Charles, LA 70602-3028**
**(337) 433-9436**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Frank Martarona**

**Michael Jesse McNulty, III**
**Plauche, Smith & Nieset**
**Post Office Drawer 1705**
**Lake Charles, LA 70602**
**(337) 436-0522**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**William S. Eaves**

**Maurice L. Tynes**
**4839 Ihles Road**
**Lake Charles, LA 70605**
**(337) 479-1173**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Jonathan J. Marcantel**

**Michael Paul Colvin**
**Hannah, Colvin & Pipes**
**2051 Silverside Drive, Suite 260**
**Baton Rouge, LA 70808**
**(225) 766-8240**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Chad Brown**

Paul A. Holmes
Rodd Anthony Naquin
Louisiana Municipal Association
Post Office Box 4327
Baton Rouge, LA   70821
(225) 344-5001
COUNSEL FOR DEFENDANTS/APPELLEES:
     Ricky Richard
     City of Dequincy

Bonita K. Preuett-Armour
Rebecca Hamernick
Armour Law Firm
Post Office Box 710
Alexandria, LA   71309
(318) 442-6611
COUNSEL FOR DEFENDANT/APPELLEE:
     State Farm Fire & Casualty Insurance Company

Adrienne Thomas Bordelon
Post Office Box 3836
Baton Rouge, LA   70821-3836
(225) 342-5746
COUNSEL FOR DEFENDANT/APPELLEE:
     State of Louisiana, Department of Health & Hospitals

Jonathan Holloway
Post Office Box 80777
Baton Rouge, LA   70821-3836
(225)767-2222
COUNSEL FOR DEFENDANT/APPELLEE:
     State of Louisiana, Department of Health & Hospitals

H. Alan McCall
Stockwell, Sievert, Viccellio,
Clements & Shaddock, L.L.P.
Post Office Box 2900
Lake Charles, LA   70602-2900
(337) 436-9491
COUNSEL FOR DEFENDANT/APPELLEE:
     Ryan H. Thibodeaux

Ryan H. Thibodeaux
12132 Highway 171
Longville, LA   70652
DEFENDANT/APPELLEE:
     In Proper Person

Joshua G. Byerly
1001 Blossman
DeQuincy, LA   70633
DEFENDANT/APPELLEE:
    In Proper Person

Presley L. Buxton
1244 Brown Road
DeQuincy, LA   70633
DEFENDANT/APPELLEE:
    In Proper Person

Johnny Groves
Rebecca Groves
1097 Highway 389
DeQuincy, LA   70633
DEFENDANTS/APPELLEES:
    In Proper Person

Jessica M. Leger
9156 Highway 171
Ragley, LA   70657
DEFENDANT/APPELLEE:
    In Proper Person

Tammy Sea
Post Offfice Box 1445
Luling, LA   70070
(504) 431-0542
DEFENDANT/APPELLEE:
    In Proper Person

Copeland Goodfriend
Daley Road
DeQuincy, LA   70633
DEFENDANT/APPELLEE:
    In Proper Person

Tony Doyle
Jennifer Doyle
276 Pear Street
DeQuincy, LA   70633
DEFENDANTS/APPELLEES:
    In Proper Person

Steven C. Richard, Jr.
117 D. Pruitt
DeQuincy, LA   70633
DEFENDANT/APPELLEE:
    In Proper Person

**Anthony G. Stanley**
**915 N. Overton Street**
**DeQuincy, LA   70633**
**DEFENDANT/APPELLEE:**
**In Proper Person**

**Erica Groves**
**1097 Highway 389**
**DeQuincy, LA   70633**
**DEFENDANT/APPELLEE:**
**In Proper Person**

**Adam Parker**
**403 LeBlanc Street**
**DeQuincy, LA   70633**
**DEFENDANT APPELLEE:**
**In Proper Person**

**Justin Van Slyke**
**4091 Virginia Avenue**
**DeQuincy, LA   70633**
**DEFENDANT/APPELLEE:**
**In Proper Person**

**Philip Stanley**
**3381 Frank Road**
**DeQuincy, LA   70633**
**DEFENDANT/APPELLEE:**
**In Proper Person**

**Nahkoma Doyle**
**1016 B. Anneker**
**DeQuincy, LA   70633**
**DEFENDANT/APPELLEE:**
**In Proper Person**

**Vernon Yellot**
**151 Chavis Road**
**DeQuincy, LA   70633**
**DEFENDANT/APPELLEE:**
**In Proper Person**

**Angie Hand**
**203 Herford Street**
**DeQuincy, LA   70633**
**DEFENDANT/APPELLEE:**
**In Proper Person**

AMY, Judge.

The plaintiff's son was rendered a tetraplegic after an altercation at a party at an acquaintance's home. She alleged that several of the attendees, including the defendant in this action, conspired to cause her son harm. The plaintiff contends that the defendant joined in this conspiracy by taunting her son and writing derogatory comments on his body after the injury. The trial court granted a partial summary judgment after finding that the defendant did not cause physical injury to the plaintiff's son and did not conspire to harm him. After the partial summary judgment was designated as final, the plaintiff filed this appeal. We affirm.

**Factual and Procedural Background**

This case stems from a March 4, 2000 altercation occurring at the DeQuincy home of Joshua G. Byerly. The plaintiff, Rebecca Owens, instituted this matter, alleging that her then sixteen-year-old son, Micah Owens, was treated differently at the outset of the party because he was from out of town. The plaintiff alleges that some of the individuals began taunting Micah, which created an atmosphere contributing to a physical altercation between Micah and one of the guests, Ryan Ware. According to the plaintiff, this altercation resulted in serious injuries to Micah's spinal cord and that he was paralyzed from the top of the chest down.[1]

The plaintiff asserts that Micah was unable to move immediately after the fight and that certain individuals carried him to a bedroom in the home. She contends that, once in the bedroom, Micah was refused medical assistance despite his assertion that he needed help. She also argues that at least one member of the group pierced Micah's foot with a knife to determine whether he had sensation. Ultimately, members of the group carried Micah from the bedroom, placed him in a vehicle, and

---

[1] Micah's deposition indicates that he has no use of or feeling in his legs or feet. He explained that, although he has use of his arms, he has only partial use of his left hand.

drove him to the hospital, where he was carried inside.

The plaintiff filed this suit individually and on behalf of Micah. She named a number of the party attendees, and the parents of those who were minors, as defendants for their alleged actions on the night of the party.[2] She alleged that, in addition to the altercation with Ryan Ware, Micah's damages were caused, exacerbated, or contributed to by these defendants due to their actions or inactions that evening. These actions included verbally taunting Micah and allegedly encouraging others to accost him.

The petition included Chad Brown as a defendant. The plaintiff alleged that Chad wrote on Micah's body with a magic marker while he was lying injured in the bedroom.[3] The plaintiff asserted that Chad's actions were included in the conspiracy that resulted in physical harm, as well as mental injuries, to Micah.

Thereafter, State Farm Fire and Casualty Company, the homeowner's insurers of Chad's parents, intervened and named Chad and the plaintiff as defendants. State Farm asserted that certain policy language excluded coverage for the sustained injuries and, furthermore, that Chad, as an adult, may not have been residing in the insured home at the time of the injury.[4] The petition's prayer requested a judgment

---

[2] In addition to defendants who attended the party, the plaintiff named a number of other defendants, including the manufacturer of a therapeutic bed used in Micah's hospitalization, for injuries she contends were related to his subsequent treatment.

[3] The precise nature of the writings is unclear. Chad explained in his deposition that he thought Micah was intoxicated and had urinated on himself, leading him to write "I pissed on myself" on Micah's arm. He denied intending to harass or cause embarrassment. Instead, he felt it was a "teasing thing." The nurse's notes from the hospital reported that: "There was writing on his [left] hand that said something to effect 'You piss from here →.' There was a stick person drawn on his [left] abdomen and a + on his [] hand."

[4] As quoted in the petition of intervention, the policy language relied upon by State Farm provides:

"DEFINITION
4.       "Insured" means you and, if resident of your household:

2

indicating that the State Farm policy did not afford coverage for the alleged injuries and that any potential claims against it be dismissed.

State Farm filed an initial motion for partial summary judgment in November 2003, seeking a determination that Chad was not involved in a civil conspiracy and, therefore, State Farm had no exposure for liability. The plaintiff argued at the September 2004 hearing that State Farm could not bring the motion as the intervention was purportedly limited to whether the policy provided coverage for Chad and did not include the questions of physical injury and civil conspiracy. The plaintiff asserted that, otherwise, State Farm was not a party. The trial court took the matter under advisement, but it rendered no ruling prior to a change in the judge assigned to the case.[5] The matter was refixed and was again heard in March 2006.

_____

> a.    your relatives; and
> b.    any other person under the age of 21 who is in the care of a person described above.
>
> SECTION II - EXCLUSIONS
> 1.    Coverage L and Coverage M do not apply to:
> a.    bodily injury or property damage:
>> (1)    which is either expected or intended by an insured; or
>> (2)    to any person or property which is the result of willful and malicious acts of an insured.
>
> This exclusion applies to any claim made or suit brought against any insured to share damages with or repay someone else who may be obliged to pay damages because of bodily injury;
>> . . . .
> 3.    Coverage M does not apply to bodily injury:
>> . . . .
> d.    to a person other than a resident employee of an insured, regularly residing on any part of the insured location."

[5] At the time State Farm attempted to re-fix its motion for hearing, it explained that:

> [T]he court heard oral arguments on defendant, State Farm Fire and Casualty Company's Motion for Partial Summary Judgment and Judge Painter took the matter under advisement. Due to the fact that Judge Painter is no longer a Judge for the 14th Judicial District Court and that Judge Bryant has recused himself from this matter, defendant, State Farm Fire and Casualty Company, desires that the hearing on its Motion for Summary Judgment be rescheduled.

State Farm also filed a supplemental motion for partial summary judgment reasserting the arguments made in its previous supporting memorandum. In oral reasons for ruling, the trial court determined that the plaintiff had not demonstrated sufficient facts indicating that it could carry its burden of proof at trial.

After the hearing, but prior to the entry of judgment, the plaintiff filed a Motion for or to Re-Urge Peremptory Exception of No Right of Action, again arguing that State Farm's purpose for intervening differed from the prayer contained in its motion for summary judgment. The record contains no ruling on the exception.

Thereafter, the trial court entered a partial summary judgment, stating that: "Chad Brown did not conspire to harm Micah Owens on March 4, 2000, thereby relieving State Farm Fire and Casualty Company of possible exposure to solidary liability, and further holding that Chad Brown did not cause Micah Owens any physical harm." The judgment was silent as to the plaintiff's no right of action.

Subsequently, the plaintiff filed a motion for new trial. The plaintiff repeated her argument that no right of action existed for the motion for summary judgment. The plaintiff also re-urged its assertion that summary judgment was inappropriate due to the presence of genuine issues of material fact. The trial court denied the motion for new trial.

After the partial summary judgment was made final, the plaintiff filed this appeal. She questions the entry of summary judgment on the merits and also asserts that State Farm lacked a right of action in filing the motion.

**Discussion**

*Summary Judgment*

The plaintiff disputes the summary judgment insofar as it determined that Chad was not part of a conspiracy to harm Micah and that he did not cause physical harm. The plaintiff points to no evidence indicating that Chad directly caused physical harm to Micah. However, she contends that the actions of the attendees at the party, taken together, constitute a conspiracy to cause harm and that evidence indicated that Chad and others "picked" on Micah because he was from out of town. She states in her brief that these "comments were not made in private to friends but were instead comments that were made in a manner loud enough for Micah to overhear and who, upon hearing the comments, became upset and went off by himself." This type of action, the plaintiff alleged, contributed to the ensuing fight.

A trial court grants a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). The party seeking summary judgment has the burden of proving the motion. La.Code Civ.P. art. 966(C)(2). However,

> if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

5

*Id.* On appeal, an appellate court reviews a ruling on a motion for summary judgment *de novo. Hood v. Cotter*, 08-0215 (La. 12/2/08), 5 So.3d 819.

The plaintiff contends that Chad's liability stems from conspiracy. Louisiana Civil Code Article 2324(A) provides that "[h]e who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act." However, Article 2324, alone, does not impose liability. *Ross v. Conoco, Inc.*, 02-0299 (La. 10/15/02), 828 So.2d 546. Rather, the claim arises from "the tort which the conspirators agreed to perpetrate and which they actually commit in whole or in part." *Id.* at 552 (quoting *Butz v. Lynch*, 97-2166, p. 6 (La.App. 1st Cir. 4/8/98), 710 So.2d 1171, 1174, *writ denied*, 98-1247 (La.6/19/98), 721 So.2d 473).

A plaintiff attempting to recover for a tort based on a conspiracy theory must prove that "an agreement existed to commit an illegal or tortious act, which act was actually committed, which resulted in the plaintiff's injury, and there was an agreement as to the intended outcome or result." *Crutcher-Tufts Resources, Inc. v. Tufts*, 07-1566, pp. 3-4 (La.App. 4 Cir. 9/17/08), 992 So.2d 1091, 1094 (citing *Butz*, 710 So.2d 1171), *writ denied*, 08-2677 (La. 1/16/09), 998 So.2d 105. This conspiracy may be evidenced by "actual knowledge, overt actions with another, such as arming oneself in anticipation of apprehension, or inferred from the knowledge of the alleged co-conspirator of the impropriety of the actions taken by the other co-conspirator." *Crowder v. Morris*, 98-673, pp. 2-3 (La.App. 3 Cir. 10/28/98), 721 So.2d 972, 973 (quoting *Stephens v. Bail Enforcement of La.*, 96-0809 (La.App. 1 Cir. 2/14/97), 690 So.2d 124, *writ denied*, 97-0585 (La. 4/18/97), 692 So.2d 454.)

Considering the parties' submissions in this case, it is clear that the trial court did not err in determining that the plaintiff failed to produce factual support sufficient to establish that she could satisfy her evidentiary burden of proof. La.Code Civ.P. art. 966(C)(2). Accordingly, she was unable to point to genuine issues of material fact. *Id.*

State Farm presented the affidavits of a number of party guests. Each detailed the portion of the night's events that they witnessed. The allegations against Chad can be broken into two identifiable categories, the first being his participation in the conduct prior to the physical altercation with Ryan Ware. Primarily, the plaintiff contends that Chad was involved in taunting and upsetting Micah to the point where the physical altercation was inevitable. Yet, the submissions establish little contact between Chad and Micah. Chad denied laughing at or taunting Micah. He stated that Micah told him to "roll on out of here" when he approached Micah and Josh Byerly, who were involved in a conversation. Witness testimony indicates that Chad may have later repeated the "roll on out of here" phrase to others. Whether or not this was heard by or upset Micah, as the plaintiff alleges, there is no evidence that any of the statements were part of an agreement to ultimately cause Micah physical injury.

Otherwise, no testimony connects Chad to the physical altercation. He explained that, although he saw the altercation, he "didn't go over there to it." Rather, he remained seated on an ice chest with his girlfriend. While Todd Martarona testified that Jon Marcantel and Ryan Ware were "wanting to pay somebody to hit [Micah]," the plaintiff did not demonstrate that Chad was involved in this or that he knew of it.

7

The other portion of the events involving Chad occurred after the physical altercation, when Micah was taken into one of the home's bedroom. The plaintiff asserts that Micah was handled roughly while being carried to the bedroom. However, Chad testified that he did not see Micah taken into the bedroom. No other testimony linked him to the transfer. Chad further denied that, after he entered the bedroom, he saw the piercing of Micah's foot. Of the other testifying attendees, only Tammy Sea placed him in the room at the time Micah's foot was pierced. Tammy explained that she did not notice whether anyone in the bedroom was laughing while Chad was writing on Micah, "because at the same time that's whenever they were poking him in the foot and saying he couldn't move and that's all I was really paying attention to. I looked up and they were writing on him." Chad explained that he left the bedroom after Micah asked for Joshua Byerly. Even construed in favor of the plaintiff, this evidence is insufficient to create genuine issues of material fact as to Chad participating in or acquiescing in the foot piercing or in any conspiracy to bring about that result.

The plaintiff contends the writings confirm the existence of a conspiracy; however, there is no evidence that these writings resulted in physical injury. While the writings may later be relevant to proceedings relating to mental damages, they do not constitute physical injury.

In short, Chad's presence at the party where offensive actions were taking place cannot, alone, support a determination that he was part of a conspiracy to cause Micah physical harm. While the plaintiff asserts that all of the events were part of a common plan, the plaintiff failed to offer sufficient proof in this regard.

*Right of Action*

Finally, we address the plaintiff's contention that the grounds for State Farm's intervention were at odds with the relief requested by its motion for partial summary judgment. The plaintiff points out that she did not name State Farm as a defendant in this matter. The plaintiff asserts that these circumstances reveal a lack of right of action on the part of State Farm and that the trial court should have granted an exception of no right of action, whether on the court's own motion or upon the urging of the plaintiff.

We find no merit in this assertion. State Farm's petition for intervention states that it is the insurer of Chad's parents and that policy language excludes coverage for either bodily injury or property damage which results from the willful and malicious acts of an insured. It further sought the court's determination that its policy did "not provide coverage to Chad Brown for the claims made against him by plaintiff herein, and that any and all potential claims against State Farm Fire and Casualty Company be dismissed." Finally, State Farm concluded its petition with the following request for relief:

> WHEREFORE, STATE FARM FIRE AND CASUALTY COMPANY intervenes in this litigation to the extent necessary, and prays for judgment of this Court declaring that the policy of homeowners' insurance issued to Danny Brown and Juanice Brown does not provide coverage to Chad Brown for the claims made herein by the plaintiff, and for dismissal of any and all potential claims against State Farm Fire and Casualty Company, in its capacity as the homeowners' insurer of Danny Brown and Juanice Brown.

These assertions, which were made against both Chad and the plaintiff as defendants in intervention, were sufficiently broad to encompass State Farm's request in its motion for partial summary judgment for a determination that Chad neither participated in a civil conspiracy nor that he caused Micah physical harm.

9

This assignment lacks merit.

## DECREE

For the foregoing reasons, the partial summary judgment entered by the trial court is affirmed. All costs of this proceeding are assigned to the appellant, Rebecca Owens, individually and on behalf of her minor son, Micah Reed Owens.

**AFFIRMED.**