722 So.2d 15 (1998)
Peggy Nell GRIGGS, Plaintiff-Appellee,
v.
RIVERLAND MEDICAL CENTER, et al., Defendants-Appellants.
No. 98-256.
Court of Appeal of Louisiana, Third Circuit.
October 14, 1998.
Rehearing Denied January 6, 1999.
*17 John Edward Morton, Esq., Alexandria, Samuel Talmadge Singer, Esq., Winnsboro, for Peggy Nell Griggs.
Michael Keith Prudhomme, Esq., Michele S. Caballero, Lake Charles, for Riverland Medical Center, et al.
Milo Addison Nickel, Jr., Esq., Lake Charles, for Louisiana Patients' Compensation Fund.
Before SAUNDERS, DECUIR and SULLIVAN, JJ.
SULLIVAN, Judge.
This is a medical malpractice case. Defendant, the Louisiana Patients' Compensation Fund (PCF), appeals the trial court judgment rendered in favor of plaintiff, Peggy Nell Griggs, for damages resulting from the death of her husband, John Griggs. The judgment, in the amount of $400,000.00, was rendered in compliance with a $540,000.00 jury verdict made subject to the $100,000.00 La.R.S. 40:1299.42(C)(5) statutory credit in favor of the PCF and the La.R.S. 40:1299.42(B) cap on the PCF's liability. The trial court also ordered the PCF to pay interest from the date of administrative demand on the $440,000.00 net verdict amount.
We affirm the award, the quantum of which the PCF does not contest on appeal. However, we find that, under the particular facts of this case, the trial court impermissibly conducted the trial on the issue of damages only and thereby denied the PCF the opportunity to argue the comparative fault of third parties to obtain a pro rata reduction of its liability pursuant to La.Civ.Code art. 1804. We remand this case to the trial court for a trial on the issue of the comparative fault. In all other respects, we affirm.

FACTS
Mrs. Griggs alleged that her late husband, John Griggs, died or suffered a loss of chance of survival through the fault of the defendants, Concordia Parish Hospital Service District d/b/a Riverland Medical Center, Dr. Kevin Bower, M.D., an emergency medicine physician working at Riverland, and Community Health Concepts of Louisiana, Incorporated, an emergency physician service that contracted with Riverland to provide Dr. Bower's services. Mr. Griggs was admitted to the Riverland emergency room on the night of June 28, 1992, after having been struck on the head with a police flashlight during an altercation with then-Officer James Pender of the Town of Newellton. At the time, Mr. Griggs was legally intoxicated, with a blood alcohol content of 0.226 grams per one hundred cubic centimeters of blood. He died at Louisiana State University Medical Center in Shreveport on the morning of June 29, 1992, after being transported there by helicopter. The anatomical cause of Mr. Griggs' death was an acute subdural hematoma, a brain hemorrhage that led to swelling of the brain and eventual death.
*18 Plaintiff filed a request for the empanelment of a medical review panel and filed a separate suit against Officer Pender, the Town of Newellton and the town's mayor, Edwin Preis. This separate suit against these "municipal defendants," which was subsequently compromised, is not the subject of this appeal.
The medical review panel, made up of emergency medicine specialists, determined that Dr. Bower and Riverland failed to meet the applicable standard of care by failing to timely monitor Mr. Griggs' condition and failing to appropriately document changes in his condition. The panel expressed no opinion as to whether the substandard conduct was a factor in causing Mr. Griggs' death, deferring the question to a neurosurgeon whom the panel thought would be qualified to render such an opinion.
Mrs. Griggs then filed the present suit. Mrs. Griggs settled with the nominal defendants for $80,000.00. She reserved her right to proceed against the PCF for excess damages.
After Mrs. Griggs settled with the named defendants and obtained trial court approval of the settlement, the trial court granted her motion for partial summary judgment on the issue of defendants' liability, which the PCF had opposed. The partial summary judgment was rendered on August 11,1997.
In a single application for supervisory writs filed in this court, the PCF sought review of the partial summary judgment and the following trial court decisions: an order severing plaintiff's suit from claims made by Mr. Griggs' children of his previous marriage; an order denying the PCF's motion to strike the deposition of Dr. Eldon Foltz, M.D., a neurosurgeon; an order denying the PCF's motion for a continuance; and, an order denying the PCF permission to file a third party demand against James Pender and the Town of Newellton for contribution and/or indemnity. On August 22, 1997, in an unpublished writ opinion, this court denied the PCF's writ application in its entirety. Griggs v. Riverland Med. Ctr., 97-1101 (La. App. 3 Cir. 8/22/97). In summation, we concluded that: (1) the grant of plaintiff's motion to sever was not an abuse of discretion; (2) the plaintiff presented sufficient proof of breach of the standard of care and causation to support summary judgment, and the PCF's failure to present countervailing evidence sufficient to create a material issue of fact warranted the partial summary judgment on the issue of liability; (3) the trial court's denial of the PCF's motion to strike the deposition was proper; (4) the trial court's denial of the PCF's motion for continuance was not an abuse of discretion; and, (5) the trial court's refusal to permit the filing of the third party demand was not error because, by virtue of the plaintiff's prior settlement with the "municipal defendants," the PCF is relegated to a pro rata reduction based on its contribution claim and is not entitled to indemnity under the facts of this case.
The PCF then filed two applications for supervisory writs and a stay order to the Louisiana Supreme Court. Trial commenced on August 25, 1997, and five jurors were chosen before the supreme court issued a stay of the proceedings pending further order of the court. On September 26, 1997, the supreme court denied the PCF's writ application and recalled its prior stay order. Griggs v. Riverland Med. Ctr., 97-2180, 97-2182 (La.9/26/97); 701 So.2d 971. On October 13, 1997, the trial court set the matter for trial commencing December 8, 1997 before the same jurors that were empaneled on August 25, 1997.
The trial court resumed trial solely on the issue of damages on December 8, 1997. Mrs. Griggs presented the testimony of herself and Dr. Jan Duggar, Ph.D., an economist who testified on the issue of the loss of economic support caused by Mr. Griggs' death. Thereafter, plaintiff rested and the PCF rested without presenting a defense-in-chief. The jury returned a verdict in favor of Mrs. Griggs for the following elements of damage:

Loss of love, affection and companionship $ 170,000.00
Mental anguish 50,000.00
Loss of economic support 307,000.00
Funeral expenses 8,000.00
Survival damages 5,000.00
 ________
 TOTAL $ 540,000.00

On December 15, 1997, the trial court signed a judgment against the PCF in the *19 amount of $400,000.00, the statutory cap on its liability. This appeal ensued.
On appeal, the PCF maintains that the trial court erred as follows:
1) Granting plaintiff's partial summary judgment on the issue of liability of Dr. Bower, Riverland, and Community Health Concepts;
2) Ordering the trial resumed before five previously chosen jurors and seven new jurors after the Louisiana Supreme Court recalled its stay order originally rendered on the first day of trial;
3) Failing to grant the PCF's motion for mistrial based on Mrs. Griggs' counsel's comments during opening statements on evidence previously ruled inadmissible by the trial court;
4) Granting Mrs. Griggs' motion to sever her suit from the legal claims made by the late Mr. Griggs' children from a previous marriage; and
5) Failing to allow the PCF to proceed on its third party demand against James Pender and the Town of Newellton for contribution and/or indemnity.
For the following reasons, we find partial merit to assignment of error number five. While the trial court did not err in denying the PCF an opportunity to file its third party demand, it erred in conducting a trial solely on the issue of damages and not allowing the PCF to assert the comparative fault of the "municipal defendants." In other words, the trial court erred in not allowing the PCF to assert the affirmative defense of the comparative fault of the "municipal defendants" which, if proven, would entitle the PCF to a pro rata reduction based on the PCF's contribution claim against these third parties. We will address all assignments of error.

ASSIGNMENTS NOS. ONE, FOUR, AND FIVE
Assignments of error numbers one, four, and five were addressed favorably toward the plaintiff before trial by this court and the Louisiana Supreme Court through the PCF's supervisory writ applications. Therefore, plaintiff asserts in opposition to these assignments of error that the "law of the case" doctrine applies to preclude our reconsideration of these assignments. The PCF counters that application of the "law of the case" is discretionary and argues that we should re-examine our prior rulings on the issues presented by these assignments.
The "law of the case" doctrine applies to prior rulings of the appellate court and/or supreme court in the same case. It applies to parties who were involved in the litigation at the time of the prior ruling and had their day in court. The doctrine provides that "an appellate court ordinarily will not reconsider its own rulings of law in the same case." Sharkey v. Sterling Drug, Inc., 600 So.2d 701, 705 (La.App. 1 Cir.), writs denied, 605 So.2d 1099, 1100 (La.1992). The purposes of the doctrine are to avoid litigating the same issue again, promote consistency of result within the case, promote essential fairness to the parties, and judicial efficiency. Cree Oil Co. v. Home Ins. Co., 94-1219 (La.App. 3 Cir. 3/8/95); 653 So.2d 620, writ denied, 95-1554 (La.9/29/95); 660 So.2d 875. The "law of the case" is discretionary, being inapplicable to cases in which the prior decision was palpably erroneous or its application would result in manifest injustice. Willett v. Premier Bank, 97-187 (La.App. 3 Cir. 6/4/97); 696 So.2d 196.

Partial Summary Judgment
The PCF asserts that the partial summary judgment on the issue of liability was wrongfully rendered because Mrs. Griggs failed to support her motion with sufficient evidence to prove the lack of a genuine issue of material fact. The PCF also contends that, because third parties, namely the "municipal defendants," could have been found comparatively at fault for causing Mr. Griggs' death, summary judgment on the issue of liability was improper since the judgment did not dispose of all of the liability issues. In this court's prior resolution of this issue, we determined that the evidence offered by Mrs. Griggs in support of her motion was sufficient to establish breach of the standard of care and causation. Because the PCF did not provide this court with any evidence it offered in opposition to the plaintiff's motion *20 at the trial court level, this court concluded that summary judgment was proper.
Having now reviewed the record in its entirety, we conclude that the result previously reached by this court is correct. The record indicates that plaintiff supported her motion with the medical review panel opinion, the deposition of Dr. Gary Weiss, M.D., an emergency medicine specialist who served on the medical review panel, the affidavit of Dr. Eldon Foltz, M.D., plaintiff's expert neurosurgeon, and the deposition of Dr. Foltz. The PCF filed a motion in opposition to the plaintiff's motion and a memorandum in support. It attached no countervailing affidavits, depositions, or other evidence to its opposition.
We recognize, as pointed out by the PCF, that Dr. Foltz's affidavit is defective since it is not based on his personal knowledge of Mr. Griggs' condition but instead primarily on his review of the medical records in this case. To support summary judgment, La.Code Civ.P. art. 967 requires that an affidavit must be based on personal knowledge, defined as something the affiant "actually saw or heard as distinguished from something he learned from another person or source." Stevens v. Bernard, 95-1010, p. 4 (La.App. 3 Cir. 1/31/96); 670 So.2d 264, 266. Additionally, Article 967 requires that records referred to in an affidavit must be either sworn to or certified as authentic and attached with the motion along with the affidavit. Neither of these requirements were met with regards to Dr. Foltz's affidavit. However, we also note that it would have been impossible for Dr. Foltz to personally examine Mr. Griggs, and thereby gain facts based on personal knowledge, since Mr. Griggs died a day after his admission to Riverland.
Even disregarding Dr. Foltz's affidavit in its entirety, we conclude that Mrs. Griggs presented sufficient other proof to support partial summary judgment on the issue of liability. The deposition of Dr. Weiss establishes that Dr. Bower failed to properly evaluate and stabilize the neurologically impaired patient and failed to properly document changes in the patient's neurological condition. He stated that the lack of timely interval monitoring of Mr. Griggs' condition prevented the detection of subtle changes in Mr. Griggs' condition indicating a destabilizing situation. Dr. Weiss explained that an emergency medicine physician's attribution of a patient's condition to his intoxicated state is a "fatal mistake," and that Dr. Bower should have ordered a CT scan at 1:00 a.m. at the earliest and not after Mr. Griggs suffered cardiopulmonary arrest at 7:05 a.m. The CT scan would have detected the intracranial lesion and allowed time for treatment.
Dr. Foltz stated in his deposition that the defendants' treatment fell below the standard of care in many respects. First, Dr. Bower failed to take an adequate history from the patient and his wife who was present at the altercation and in the emergency room. Although Mr. Griggs suffered a loss of consciousness after the altercation with Officer Pender, no indication thereof is noted in the medical records. Additionally, no comprehensive neurological baseline condition was established from which to thereafter judge neurological decline or improvement. Third, given his hematoma which caused brain swelling, the administration of intravenous fluids at the rate that was given exacerbated the problem by causing Mr. Griggs' brain to swell even more. Fourth, Dr. Foltz stated that the CT scan should have been done upon Mr. Griggs' arrival. Dr. Foltz stated that a proper course of treatment included controlled dehydration, the administration of steroids to combat inflammation, the intravenous administration of Mannitol, which pulls water from the brain and helps reduce swelling, and appropriate periodic monitoring.
The PCF, in response, failed to present any countervailing evidence and instead relied on the denials contained in its pleadings. This is not sufficient to defeat a properly supported motion for summary judgment.
Finally, the PCF contends that the partial summary judgment was improper because it did not resolve the entire liability issue. The PCF argues that third persons could be found comparatively at fault for the death or loss of chance of survival. A partial summary judgment may be granted on the issue of liability alone. La.Code Civ.P. art. *21 966(E). It may not be granted on a particular element of liability when the judgment is not completely dispositive of the issue of liability between the parties and other issues such as comparative fault remain unresolved. Tye v. Co-Mar Offshore Operators, Inc., 95-0094 (La.App. 1 Cir. 10/6/95); 669 So.2d 438. However, "as long as the liability between the parties to the motion is resolved in the decision, partial summary judgment may be granted." Miles v. Louisiana Landscape Specialty, Inc., 97-118, p. 2 (La.App. 5 Cir. 6/30/97); 697 So.2d 348, 350.
The record indicates that, at the time of the motion and judgment, the only parties to the motion were Mrs. Griggs and the PCF. Therefore, partial summary judgment on the issue of the liability of Dr. Bower, Riverland, and Community Health Concepts for the claims asserted by Mrs. Griggs was proper.
In conclusion, we find that our prior ruling that the partial summary judgment on the issue of liability was properly granted by the trial court is not palpably erroneous and does not result in manifest injustice to the PCF.

Motion to Sever
The PCF asserts that the trial court erred in granting Mrs. Griggs' motion to sever her suit from the claims asserted by Mr. Griggs' children from a prior marriage. This assignment was previously addressed by this court in the writ denial.
The motion to sever was filed on May 29, 1997, in response to the PCF's third party demand against Mr. Griggs' children filed on May 27, 1997. The third party demand sought to implead Mr. Griggs' children to assert any of their claims in the litigation. The PCF requested that service of the third party demand be withheld from the named third party defendants.
In her motion to sever, Mrs. Griggs asserted that Mr. Griggs' children had filed a request for review before a medical review panel, which request was eventually consolidated with her similar request. Mrs. Griggs represented that, after the medical review panel rendered its decision, only she timely filed suit. The children did not do so. Although the order of severance is not in the record, the PCF asserts that it was orally rendered by the trial court on June 26, 1997. On that date, Mr. Griggs' children had not asserted a claim and had only the status of as yet unserved third party defendants. They eventually filed a petition of intervention in this suit on August 22, 1997. Therefore, the order of severance, in effect, did not sever any claims because the persons to which it was addressed had not yet filed any legal claims in this litigation. The PCF was thus not prejudiced by the order of severance, and this assignment of error is without merit.

Third Party Demand
The PCF asserts that the trial court erred in refusing to permit the filing of its "First Supplemental and Amending Third Party Demand," attempting to add Officer Pender and the Town of Newellton as defendants. We likewise apply the "law of the case" doctrine to this assignment and quote with approval from our prior writ denial which is part of the appellate record:
The pleading asserts a claim for contribution and/or indemnity against these parties. By virtue of plaintiff's settlement with and release of these defendants, [the PCF] is relegated to a pro rata reduction of any judgment against it on the contribution claim. Casson v. Hartford Fire Ins. Co.[,] 548 So.2d 66 (La.App. 3 Cir.1989). In terms of a claim for indemnity, relator has not alleged facts to support recovery under such theory. Additionally, under the facts of this case, no claim for indemnity lies. (Emphasis added.)
The trial court did not err in refusing to allow the PCF to file its third party demand. However, it did err in interpreting this court's language to mean that the trial should be conducted solely on the issue of damages. It is clear from the language of this court's order that the PCF still had a viable contribution claim which, as a result of the plaintiff's settlement with the "municipal defendants," was relegated to a right of pro rata reduction from any judgment against it in this case.
In Steptoe v. Lallie Kemp Hospital, 93-1359 (La.3/21/94); 634 So.2d 331, the plaintiff's decedent, Murphy Steptoe, injured his C-7 vertebra in an automobile accident which *22 was caused by the fault of a Town of Amite police officer. He died of cardiac arrhythmia in the hospital following the accident. The death was caused by medical malpractice. Plaintiffs sued the accident tortfeasors. The trier of fact determined that the Mr. Steptoe was thirty-five percent at fault in causing the accident. Then, the medical defendants were added to the suit. The trial court then signed a $356,736.25 judgment against the accident tortfeasors and the judgment was fully paid. The medical defendants then filed the exceptions of no right and no cause of action, asserting that the settlement with the accident tortfeasors released their solidary liability. The trial court overruled the exceptions and rendered judgment in favor of the plaintiffs for $643,297.00. The court of appeal reversed, sustaining the medical defendants' exceptions.
The supreme court then reversed the court of appeal's judgment. The supreme court reasoned, in pertinent part:
There is an ease of association between the original injury and the negligent treatment which creates solidary liability between the tortfeasor and those guilty of medical malpractice.
....
Plaintiffs did not intend to abandon their pending claims against the medical malpractice defendants when the satisfactions of judgment were executed in favor of the accident tortfeasors.
....
The original judgment was against only the accident defendants. When that judgment was satisfied, any liability of the medical malpractice defendants had not been determined or quantified.... When the first judgment was paid, the medical malpractice defendants only had potential liability. Younger v. Marshall Industries, 618 So.2d 866 (La.1993). The alleged fault of the medical malpractice defendants had not been determined or quantified, and they were not solidary obligors at the time of payment. Taylor v. United States Fidelity & Guaranty Ins. Co., 630 So.2d 237 (La.1993).
....
The second trier of fact was at liberty to determine the degree of fault of the medical defendants and the amount of damages caused by them, without regard to any of the findings of the trier of fact in the first action. In this respect the payment by the automobile defendants was no different than if they had paid that amount in compromise of their obligation, leaving the amount of the obligation and the degree of fault of the medical defendants to be determined by a subsequent trier of fact.
The medical defendants were deprived of their contribution rights by plaintiffs' acceptance of partial performance from the automobile defendants. The medical defendants could have protected themselves in the present action by pleading and proving that causative fault for the damages was attributable to the automobile defendants. Upon such proof, the medical defendants would have been entitled to a proportionate reduction of the damages. LSA-C.C. art. 1804; Harvey v. Travelers Ins. Co., 163 So.2d 915 (La.App. 3d Cir. 1964); Dill v. Department of Transp. and Dev., 545 So.2d 994 (La.1989); Taylor v. United States Fidelity & Guaranty Ins. Co., 630 So.2d 237 (La.1993). Since the medical defendants failed to prove any fault on the part of the automobile defendants in causing plaintiffs' damages (or any fault on the part of the tort victim), they are not entitled to any reduction in the 100 percent damages determined by the trier of fact to be attributable to their fault.
Id. at 334-37.
La.Civ.Code art. 1804 provides, pertinently, as follows:
Among solidary obligors, each is liable for his virile portion.... If the obligation arises from an offense or quasi-offense, a virile portion is proportionate to the fault of each obligor.
In the present case, as in Steptoe, the PCF was deprived of its right to contribution from the "municipal defendants" by virtue of plaintiff's compromise with the "municipal defendants." However, in this case, the PCF took adequate measures to protect itself by asserting the comparative fault of the "municipal defendants" in its answer to the joint *23 petition for approval of the compromise with the nominal defendants. Having done so, the PCF had the right to present proof of causative fault on the part of the "municipal defendants" in an effort to gain a proportionate reduction in damages. By limiting the trial solely to the issue of damages, the trial court infringed upon the PCF's properly preserved right to present evidence tending to show the comparative fault of the "municipal defendants." In other words, the trial should have been conducted on the issues of comparative fault and damages in compliance with the supreme court's ruling in Steptoe. The trial court's failure to do so is erroneous.

ASSIGNMENT NO. TWO
The PCF next asserts the trial court erred in ordering the trial to resume before the five previously chosen jurors after the supreme court recalled its stay order. Civil litigants in this state are entitled to a fair jury trial by jurors "selected at random from a fair cross-section of the parish wherein the district court convenes." La.Sup.Ct. Rule XXV, JURY SERVICE. There is no rule in the Code of Civil Procedure prohibiting the trial from continuing with previously chosen jurors after the lifting of a stay order by a higher court. In this case, the entire jury had not been chosen and no evidence had been adduced at the time the stay order came into effect. Given these facts, the PCF has failed to demonstrate that it was prejudiced in any way by the resumption of trial in December 1997 before five jurors chosen but not sworn in September 1997.

ASSIGNMENT NO. THREE
The PCF contends that the trial court erred in failing to grant its motion for mistrial upon the plaintiff's attorney's reference in his opening statement to evidence previously ruled inadmissible by the trial court. The record indicates that the trial court ruled, on plaintiff's motion, that the only issue at trial would be damages and that no evidence on or reference to liability would be allowed. In his opening statement, plaintiff's counsel referred to Officer Pender being in jail for a death he did not cause. Defense counsel objected and moved for mistrial. The trial court denied the motion and instead instructed plaintiff's counsel to refrain from such references and admonished the jury to disregard the comment.
"The court on its own motion, or on the motion of any party, after hearing, may grant a mistrial." La.Code Civ.P. art. 1631(C). A mistrial may be declared because of a circumstance that indicates to the court that justice may not be done if the trial is allowed to continue. Spencer v. Children's Hospital, 432 So.2d 823 (La.1983). The trial court is vested with discretion on the decision to grant or deny a motion for mistrial.
Under the circumstance of this case, we conclude that the trial court did not err in denying the PCF's motion for mistrial. The instruction to plaintiff's attorney and the admonition to the jury to disregard the offending conduct was sufficient to cure any harm that was done by the reference to Officer Pender. The trial court did not abuse its discretion by denying the motion.

DECREE
For these reasons, we affirm in part the trial court's judgment, but we remand the case to the trial court for a complete trial on the issue of the comparative fault of the nominal defendants and the "municipal defendants." We assess one-half of costs of this appeal to defendant-appellant, the Louisiana Patients' Compensation Fund, and one-half to plaintiff, Peggy Nell Griggs.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.