735 So.2d 622 (1999)
Peggy Nell GRIGGS
v.
RIVERLAND MEDICAL CENTER, et al.
No. 99-C-0385.
Supreme Court of Louisiana.
May 28, 1999.
Denied.
MARCUS, J. not on panel.
LEMMON, J. concurs and assigns reasons.
LEMMON, J., Concurring in the Denial of the Application.
The present status of the claim of the tort victim's children of a previous marriage is unclear. The trial court granted the motion to sever these claims from the trial of the claims of the tort victim's surviving spouse, and the court of appeal denied supervisory writs because denial of the severance would have upset an approaching trial date. Griggs v. Riverland Medical Ctr., 97-1101 (La.App. 3d Cir.8/22/97).
On appeal following trial on the merits, the court of appeal noted that the trial court granted the severance at a time when the surviving spouse had not yet asserted any claim in this litigation following the favorable decision of the medical review panel. Griggs v. Riverland Medical Ctr. 98-256 p. 11 (La.App. 3d Cir.10/14/98), 722 So.2d 15, 21. According to the court of appeal, the children of the previous marriage intervened in the present proceeding after the severance was granted. The court of appeal accordingly ruled that the earlier order of severance did not prejudice the Patients Compensation Fund (PCF). Id.[1]
When separate claims have been filed in the same proceeding and payment of the claims, if successful, ultimately will be made from the limited fund for compensation of a medical malpractice victim's statutory survivors, the PCF generally is entitled to have all claims against the limited amount of its liability tried at the same time. There appears to be no obstacle at the present time to joint trial of all survivors' claims in this proceeding. However, the Fund may seek relief in the district court and by supervisory writs prior to trial if all claims are not scheduled for trial in the same proceeding.
NOTES
[1] I specifically question two aspects of the decision of the court of appeal. First, the doctrine of law of the case clearly is inapplicable to a prior ruling on supervisory writs. Second, although La.Code Civ.Proc. art. 967 requires an affidavit based on personal knowledge for use in motions for summary judgment, that rule is clearly limited to a lay witness who must have personal knowledge about the facts to which the witness would testify at trial. However, an expert is always allowed to testify at trial, irrespective of personal knowledge, by means of a hypothetical question. The same rule should apply to the affidavit of an expert used in a motion for summary judgment, and the expert should be allowed to express an opinion based on material facts as to which there is no genuine dispute.