I,PICKETT, Judge.

FACTS

William Varnes was injured at work in 1990. He sought chiropractic care at Oak Park Chiropractic Clinic. He was treated by Ashgar Mortaji, D.C. on November 6, 7, 8, 9, 12, 13, and 14, 1990. On November 9, and again on November 16, 1990, Marvin Ettinger, M.D., examined Mr. Varnes at Progressive Diagnostics and Rehabilitation Climes, Inc. Following the second examination, Dr. Ettinger referred him for an immediate consult with a neurosurgeon. He was examined by Dr. John Raggio, a neurosurgeon, that same day. Dr. Raggio diagnosed multiple herniations at C-4, C-5, and C-6. He performed surgery on Mr. Varnes the next day. Subsequently, Mr. Varnes’ condition deteriorated.
Mr. Varnes filed suit against Oak Park Chiropractic Clinics (“Oak Park”), Thomas R. Miller, D.C., d/b/a Oak Park Chiropractic Clinics, Ashgar Mortaji, D.C., Marvin Ettinger, M.D., and Progressive Diagnostics and Rehabilitation Clinics, Inc. Dr. Miller and Dr. Ettinger were qualified health care providers (“QHCP”) at the time of the alleged malpractice. Oak Park, Dr. Mortaji, and Progressive Diagnostics were not qualified under the Louisiana Medical Malpractice Act.
K & S Services, Inc., and its insurer, Highlands Insurance Company, intervened to recover those damages they had paid as employer and workers’ compensation insurer of Mr. Varnes.
In April 1997, the plaintiffs accepted $100,00.00 from Dr. Miller and $1,000.00 from Dr. Ettinger as settlement. Dr. Mortaji and Progressive Diagnostics were dismissed from the suit with prejudice. Dr. Ettinger and Dr. Miller remained as defendants so the plaintiffs could pursue an action against the Patients’ Compensation | gFund. The plaintiffs sought recovery from the Fund based on the statutory admission implied in Dr. Miller’s payment of $100,000.00. The Fund objected to the settlement on the basis that Dr. Mortaji, the actual tort feasor, was not a QHCP and Dr. Ettinger had not paid the statutory $100,000.00 to trigger an admission of liability. The court approved the settlement, and the matter proceeded to trial against the Fund.
Following the trial, a jury awarded $2.2 million in total damages, which the court reduced to the statutory maximum of $500,000.00, subject to a credit of $101,000.00, plus medical expenses. From this judgment, the Fund appeals.

LAW OF THE CASE

Appellees argue this court should apply the theory of law of the case to assignments of error 1, 2, and 4, as these issues were raised in an application for supervisory writs. The doctrine of law of the case is well-explained by this court in Griggs v. Riverland Medical Center, 98-256 (La. App. 3 Cir. 10/14/98); 722 So.2d 15, 19, writ denied, 99-0385 (La.5/28/99); 735 So.2d 622:
The “law of the case” doctrine applies to prior rulings of the appellate court and/or supreme court in the same case. It applies to parties who were involved in the litigation at the time of the prior ruling and had their day in court. The doctrine provides that “an appellate court ordinarily will not reconsider its own rulings of law in the same case.” Sharkey v. Sterling Drug, Inc., 600 So.2d 701, 705 (La.App. 1 Cir.), writs denied, 605 So.2d 1099, 1100 (La.1992). The purposes of the doctrine are to avoid litigating the same issue again, promote consistency of result within the case, promote essential fairness to the parties, and judicial efficiency. Cree Oil *1282 Co. v. Home Ins. Co., 94-1219 (La.App. 3 Cir. 3/8/95); 653 So.2d 620, writ denied, 95-1554 (La.9/29/95); 660 So.2d 875. The “law of the case” is discretionary, being inapplicable to cases in which the prior decision was palpably erroneous or its application would result in manifest injustice. Willett v. Premier Bank, 97-187 (La.App. 3 Cir. 6/4/97); 696 So.2d 196.
In the instant case, the application for supervisory writs was applied for on an expedited basis at a time when the jury had been seated and the trial was beginning. _[¿The writ was denied. In order to determine if there is palpable error or manifest injustice, we will review the arguments set forth in assignments of error 1, 2, and 4.

ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO

The Fund argues it was error for the trial court to rule that the statutory admission of liability resulting from the $100,000.00 tendered by one of the defendant health care providers included an admission that another defendant health care provider was his employee. The appellant further argues the trial court erred in striking the defense of third-party fault. Both these issues have been previously raised in this court by the writ application taken during the trial immediately following the trial court’s ruling. The writ application was denied by this court. We find no error in this court’s previous ruling.
The Fund sought to introduce the testimony of three chiropractors, including Dr. Miller, for the purpose of determining whether Dr. Mortaji was an employee of Dr. Miller or an independent contractor. The Fund wanted the opportunity to prove that Dr. Miller was not vicariously liable for Dr. Mortaji’s malpractice and the payment of $100,000.00 by Dr. Miller did not confess the liability of Dr. Mortaji. The trial court disallowed that testimony, ruling the only evidence that could be offered at the trial was evidence as to the damages suffered by Mr. Varnes, as liability was statutorily acknowledged by payment of $100,000.00. We find no error in this ruling.
The Louisiana Supreme Court addressed this same issue in Stuka v. Fleming, 561 So.2d 1371 (La.1990), cert. denied, 498 U.S. 982, 111 S.Ct. 513, 112 L.Ed.2d 525 (1990). There, the plaintiff filed a malpractice suit against four different QHCPs, their insurer, and the Fund. The insurer settled the claim against one of the QHCPs and his employer 14for $100,000.00. The remaining defendants were dismissed. The plaintiff reserved the right to recover from the Fund. In Stuka, the supreme court held that the “payment of $100,000 to a medical malpractice victim by one qualified health care provider (or the provider’s insurer) triggers the admission of the liability provision of La.Rev.Stat.Ann. 40:1299.44 C(5) and the only contested issue remaining thereafter between the victim and the Fund is the amount of the victim’s damages in excess of the amount already paid.” Id., at 1371.
The appellant argues the Fund is allowed to offer evidence to prove the comparative fault of a non-QHCP pursuant to La.R.S. 40:1299.44(D)(2)(b)(x) and (xi), which subsections were added by amendment to La.R.S. 40:1299.44 by Acts 1991, No. 800, § 1 and became effective September 6, 1991. Because the amendment at issue is substantive in nature, it may not be applied retroactively. The malpractice giving rise to the cause of action occurred in November, 1990. It is, therefore, inapplicable to the instant case.
Appellant further argues this court’s ruling in Griggs, 722 So.2d 15, clearly states the Fund is entitled to litigate the issue of comparative fault on the part of released defendants and all persons contributing to *1283 an alleged injury. The instant case is clearly distinguishable from Griggs where the comparative fault argued was by a non-medical alleged tortfeasor who caused the injury being treated from which the malpractice arose. Griggs is also distinguishable in that it was governed by the 1991 amendments which do not apply in the matter before us.
We find no error in the ruling of the trial court or the ruling of this court on the previous writ application. Therefore, these assignments of error are without merit.
| ¡¡ASSIGNMENT OF ERROR NUMBER THREE
The appellant argues the trial court erred in failing to include a jury interrogatory with respect to the plaintiffs comparative fault. The trial court, in fact, gave an instruction regarding the plaintiffs failure to mitigate damages. A review of the verdict reflects the jury did in fact decrease the award because of the plaintiffs lack of cooperation following his surgeries. We find no error in the instruction given by the trial court.

ASSIGNMENT OF ERROR NUMBER FOUR

The appellant re-argues the issue of whether the trial court erred by informing the jury there had been a $100,000.00 settlement by one of the original defendant health care providers. This matter was previously before this court on the writ application which was denied. We have reviewed the record and the trial court’s statements to the jury. We find no error in our previous ruling and will not re-visit this issue.

ASSIGNMENT OF ERROR NUMBER FIVE

Appellant alleges the damages awarded by the defendant were excessive.
Damage awards by a jury are entitled to great deference and should not be disturbed by a reviewing court absent a showing of a clear abuse of the jury’s discretion. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). The evidence regarding the severity of Mr. Varnes’ injuries, his prognosis for future employment, and his medical expenses clearly support the award made by the jury. In fact, the jury award reflects their consideration of Mr. Varnes’ failure to mitigate his damages in that the jury actually awarded less than the stipulated amount for past medical expenses.
hWe find no abuse of discretion. This assignment of error, therefore, is without merit.

CONCLUSION

We find no error in the trial court’s ruling and affirm the judgment of the trial court. Costs of this appeal are assessed against the appellant, the Patients’ Compensation Fund.
AFFIRMED.