NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-171

KIM SNELL, KEITH MILLER AND DAVID WHITE

VERSUS

PRODUCTION ACID SERVICE, INC., DAVID L. BAUDOIN AND MARK
S. KRUPICKA

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20046231
HONORABLE G. BYRON HEBERT, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Billy H. Ezell,
Judges.

APPEAL DISMISSED.

Bruce A. Gaudin
100 West Bellevue Street
Opelousas, LA 70570
(337) 261-9722
Counsel for Plaintiffs/Appellants:
    Kim Snell, Keith Miller and David White


Kraig Thomas Strenge
515 W. University Avenue
Post Office Drawer 52292
Lafayette, LA 70502-2292
(337) 261-9722
Counsel for Defendant/Appellant:
    David L. Baudoin

**PETERS**, Judge

This court issued a rule directed to David L. Baudoin, the defendant-appellant, for him to show cause by brief only why the appeal in this matter should not be dismissed under the law of the case doctrine. For the following reasons, we dismiss the appeal.

The instant matter arises from a suit filed in Kansas against the defendant-appellant, who is a Louisiana resident. The Kansas suit resulted in a judgment against him in the amount of $436,000.00 plus judicial interest. Thereafter, the plaintiffs-appellees filed a petition to make the Kansas judgment executory in this state. The trial court granted the plaintiffs-appellees that relief by a judgment signed on December 28, 2004. The defendant-appellant then filed a motion to stay the execution of the foreign judgment. The trial court denied the motion to stay but ordered a contradictory hearing on the matter. At the hearing, the parties stipulated that the matter would be stayed for a period of sixty days during which time the defendant-appellant would file an action in Kansas to nullify the December 28, 2004 judgment.

The defendant-appellant did not file an action to nullify the Kansas judgment within the sixty day time period, and the plaintiffs-appellees filed a motion to lift the stay in the Louisiana trial court. The trial court denied the motion, based upon a showing by the defendant-appellant that he had sought relief in the Kansas court although the relief sought was filed outside the sixty day allotted period.

After a July 29, 2005, contradictory hearing, the Kansas trial court denied the motion to set aside its judgment. The defendant-appellant then filed a notice of appeal in Kansas, but that appeal was dismissed as abandoned on May 4, 2006. On June 15, 2006, the plaintiffs-appellees filed a motion to lift the stay and to reschedule

a judgment debtor examination in the Louisiana trial court. The trial court granted the motion to reschedule the judgment debtor examination, but stayed the hearing on the motion to allow the defendant-appellant to apply for supervisory writs.

The defendant-appellant then filed an application for supervisory review of the trial court's ruling, asserting that the trial court had erred in failing to hold a contradictory hearing on the enforcement of the foreign judgment, and in scheduling a judgment debtor rule prior to any contradictory hearing. In his writ application, the defendant-appellant also asserted that the trial court erred by failing to allow him to present evidence in support of a permanent injunction on the enforcement of the foreign judgment. He further asserted that the judgment in Kansas was obtained in violation of his right to an effective defense, or to a trial on the merits, and requested that this court order the trial court to hold an evidentiary hearing to determine whether the Kansas judgment should be recognized in Louisiana. Alternatively, in his writ application, the defendant-appellant suggested that this court could rule the Kansas judgment unenforceable and, therefore, could order the trial court to permanently enjoin the enforcement of that judgment. However, upon review of the merits of the defendant's-appellant's claims, this court found no error in the trial court's ruling, and the writ application was dismissed. *Kim Snell, Keith Miller and David White v. Production Acid Service, Inc., David L. Baudoin and Mark S. Krupicka*, an unpublished writ opinion bearing docket number 07-171 (La.App. 3 Cir. 11/15/06).

The instant motion for devolutive appeal was filed on October 12, 2006. Because the ruling for which appeal was sought was the same ruling for which the defendant-appellant sought supervisory review, this court ordered the defendant-appellant to show cause why the instant appeal should not be dismissed under the rule

2

of the case doctrine.  This court described the rule of the case doctrine thus:

> The "law of the case" doctrine applies to prior rulings of the appellate court and/or supreme court in the same case.  It applies to parties who were involved in the litigation at the time of the prior ruling and had their day in court.  The doctrine provides that "an appellate court ordinarily will not reconsider its own rulings of law in the same case." *Sharkey v. Sterling Drug, Inc.*, 600 So.2d 701, 705 (La.App. 1 Cir.),*writs denied*, 605 So.2d 1099, 1100 (La.1992).

*Griggs v. Riverland Medical Center*, 98-256 (La.App. 3 Cir. 10/14/98); 722 So.2d 15, 19, *writ denied*, 99-0385 (La.5/28/99); 735 So.2d 622.

The defendant-appellant has failed to timely show cause as ordered and has failed to demonstrate that the appeal of this matter is not subject to  the law of the case doctrine.  Thus, we dismiss the appeal in this matter.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.