SUSAN B. QUINN AND WILLIAM R. QUINN
v.
STATE OF LOUISIANA, STATE OF LOUISIANA THROUGH THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
No. 2009 CA 0085.
Court of Appeals of Louisiana, First Circuit.
December 23, 2009.
JOSHUA M. PALMINTIER MICHAEL C. PALMINTIER Baton Rouge, LA Susan B. Quinn and William R. Quinn Attorneys for Plaintiffs-Appellants
JAMES D. CALDWELL, Attorney General GLEN R. PETERSON, Asst. Attorney General Baton Rouge, LA State of Louisiana, Through the Dept. of Transportation and Development Attorney for Defendant-Appellee.
Before: WHIPPLE, HUGHES, AND WELCH, JJ.
WELCH, J.
The plaintiffs, Susan B. Quinn and William R. Quinn, appeal a judgment rendered against them in favor of the State of Louisiana, through the Department of Transportation and Development ("DOTD"), dismissing their claims against DOTD with prejudice. For reasons that follow, we affirm the judgment of the trial court.

I. FACTUAL AND PROCEDURAL HISTORY
On June 7, 2001, at approximately 11:45 a.m., Mrs. Quinn was operating a vehicle westbound on Interstate 12 in Livingston Parish near the Satsuma exit, when she veered off the roadway and collided with trees along the right-hand side of the roadway. As a result of this accident, Mrs. Quinn sustained various personal injuries. Thereafter, on June 7, 2002, Mr. and Mrs. Quinn filed a petition for damages, naming as defendants the State of Louisiana, DOTD, and State Farm Mutual Automobile Insurance Company ("State Farm"). In their petition, the Quinns alleged that the accident occurred when an unknown eighteen-wheeled tractor-trailer, which was also traveling westbound, crossed its lane of travel and went into Mrs. Quinn's lane of travel, whereupon she veered to avoid a collision. Mrs. Quinn alleged that while doing so, she lost control of her vehicle, ran into wet grass, and collided with trees alongside the roadway. She alleged that the State and DOTD were liable for the unreasonably dangerous conditions of the roadway and that State Farm was liable to her as her automobile liability and uninsured/underinsured motorist ("UM") insurer.
State Farm was eventually dismissed as a defendant in this matter following a motion for summary judgment granted in its favor. This matter then proceeded to a jury trial against DOTD on July 15, 16, 17, and 18, 2008. The jury returned a verdict in favor of DOTD, answering in the negative the jury interrogatory of whether the highway where Mrs. Quinn's accident occurred had a defect which created an unreasonable risk of harm. In accordance with the jury's verdict, on June 10, 2009, the trial court signed a judgment in favor of DOTD and against Mr. and Mrs. Quinn, dismissing their claims with prejudice.[1] From this judgment, Mr. and Mrs. Quinn have appealed.
On appeal, Mr. and Mrs. Quinn contend that the trial court erred when it failed to grant a mistrial after counsel for DOTD made a reference in his opening statement to and elicited testimony from his expert witness concerning the absence of other accidents at the accident site, when DOTD, during discovery, refused to disclose any information concerning prior accidents at that location, citing the privilege of 23 U.S.C. § 409. Additionally, Mr. and Mrs. Quinn contend that the trial court also erred when it failed to grant a mistrial after counsel for DOTD stated during his opening statement that Mrs. Quinn's version of how the accident occurred changed after State Farm was dismissed from the suit and when it admitted into evidence the Quinns' petition for damages with certain portions redacted, thereby causing the jury to be confused.

II. LAW AND DISCUSSION
Generally, when liability is premised on DOTD's ownership of an allegedly defective thing, a plaintiff may recover damages from DOTD, a public entity, based on La. C.C. art. 2317, as limited by La. R.S. 9:2800. Essentially, a plaintiff must prove that: (1) DOTD had custody of the thing that caused his damages; (2) the thing was defective because it had a condition that created an unreasonable risk of harm; (3) DOTD had actual or constructive notice of the defect and failed to take corrective measures within a reasonable time; and (4) the defect was a causein-fact of his injuries. Netecke v. State, ex rel. DOTD, 98-1182, 98-1197, p. 7 (La. 10/19/99), 747 So.2d 489, 494; Brown v. Louisiana Indemnity Company, 97-1344, p. 3 (La. 3/4/98), 707 So.2d 1240, 1242.
Generally, evidence of prior accidents at a particular accident location is admissible for the limited purpose of showing the dangerous nature of the thing or place which caused the injury and the knowledge of the defendant of the dangerous condition. Ketcher v. Illinois Central Gulf Railroad Company, 440 So.2d 805, 810 (La. App. 1st Cir. 1983), writs denied, 440 So.2d 1220, 1222 (La. 1984). Furthermore, evidence of the absence of other accidents at the same place is relevant to show that the place was not dangerous and that the defendant did not have actual or constructive knowledge of a dangerous condition. Ketcher, 440 So.2d at 811; Capone v. Ormet Corporation, XXXX-XXXX, p. 21 (La. App. 1st Cir. 6/21/02), 822 So.2d 684, 702, writ denied, 2002-2379 (La. 11/22/02), 829 So.2d 1051.
In this case, during discovery, the plaintiffs propounded the following interrogatory to DOTD:
INTERROGATORY NO. 12
Please state whether or not there have been any accidents other than the one sued upon in the area of the accident in question either before or after the accident sued upon, and, if so, please state:
A. Name and address of person or persons involved in the accident(s);
B. Exact location of accident(s);
C. Date of accident(s);
D. Whether or not you have an accident report on said accident(s), and, if so, please attach a copy of same;
E. Whether or not a lawsuit in which the State was a party arose out of the accident...
F. Whether or not you have a map which would identify the points where these accidents have occurred on the roadway in question and, if so, please attach a copy of same.
G. Whether the area of the accident has been rated in any way (either before or after the accident in question), with regard to its hazards or accident frequency and, if so, the rating given and the date of said rating.
In response to this interrogatory, DOTD objected to relevance and asserted that the information was privileged under 23 U.S.C. § 409.
23 United States Code § 409 provides:
Notwithstanding any other provision of law, reports, surveys, schedules, lists, or data compiled or collected for the purpose of identifying, evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railwayhighway crossings, pursuant to sections 130, 144, and 148 of this title or for the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds shall not be subject to discovery or admitted into evidence in a Federal or State court proceeding or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data.
This statute was enacted by Congress "to prevent the unauthorized disclosure of information that States compile in good faith to meet the purposes of Federal aid highway programs to eliminate or reduce hazardous roadway conditions." Long v. State, Department of Transportation and Development, XXXX-XXXX, p. 10 (La. 6/29/05), 916 So.2d 87, 94-95 (quoting United States Department of Transportation and Development, Secretary's Annual Report on Highway Safety Improvement Programs (1986)).
Despite the fact that DOTD asserted the privilege set forth in 23 U.S.C. § 409 and refused to disclose any information concerning prior accidents at this particular accident location, during opening statements, counsel for DOTD made the following statements to the jury:
The last thing that I would want to point out to you, and it was brought out in our  we went through this jury-picking process this morning. And one of the gentlemen whose  who was mercifully let go, made the comment that he would want to know how many  you know, this is an interstate highway and a pretty busy interstate highway. Obviously, hundreds of cars going by there daily.
He would want to know if there were  if there was, indeed, some sort of a pooling of water or a spot on that interstate where water was pooling, how many other cars that morning had the same problem? How many other cars encountered this pooling of water such that it pulled them off the interstate. I don't really know what that means, but pulled them off. How many other cars ended up in the ditch because of pooling of water on that day or any other day where there was a torrential rainfall, as there was that morning?
And I perked up when I heard that, because first and foremost, that's a piece of information that I'd want to know if I was a trier of fact. I'd kind be interested in knowing that.
Well Mr. Ricca is going to tell you the answer to that question. And I'll tell you the answer to that question is that this is the first one. No complaints of any pooling of water  if that's what  if that's what they're hanging their hat, if that's the theory now that they've changed to.
When counsel for DOTD made these statements, the plaintiffs did not make a contemporaneous objection. Instead, prior to the beginning of the taking of evidence, the plaintiffs moved for a mistrial, which the trial court denied. Additionally, during trial, counsel for DOTD brought forth testimony from Michael Ricca, DOTD project engineer on an improvement project at the time and in the area where the accident occurred and DOTD's expert witness in roadway construction, that he was not aware of any problems, reports of any problems, or accidents on the roadway at issue concerning rutting or excessive indentions, or of any pooling or ponding of water. Again, counsel for plaintiffs did not contemporaneously object to this testimony. Instead counsel for plaintiffs attempted to offer DOTD's responses to the interrogatories it propounded and to cross-examine the witness concerning DOTD's assertion of the privilege, which the trial court refused to allow.
On appeal, the Quinns contend that counsel for DOTD's opening statements and examining its witness on the lack of accidents at the accident site was inappropriate because DOTD specifically refused to provide information on prior accidents, citing the privilege set forth in 23 U.S.C. § 409. Therefore, the plaintiffs contend that the trial court erred in refusing to grant their motion for a mistrial and made a prejudicial evidentiary ruling, thus warranting either a new trial or a de novo review by this court.
Initially, we agree with the plaintiffs' contention that counsel for DOTD's statements before the jury and its examination of Mr. Ricca concerning the lack of accidents at the accident site was error. As previously noted, the plaintiffs had the burden of proving, among other things, that the highway at issue was both defective because it had a condition that created an unreasonable risk of harm and that DOTD had actual or constructive notice of the defect. Generally, in order to meet this burden, plaintiffs would be entitled to use evidence of prior accidents at that location. Conversely, if there was an absence of other accidents at the same place, DOTD would be entitled to use that evidence to show that the highway was not defective and/or that it did not have actual or constructive knowledge of the defective condition. However, once DOTD chooses to exercise the privilege set forth in 23 U.S.C. § 409, any reports, surveys, schedules, lists, or data compiled or collected for the purpose of identifying, evaluating, or planning the safety enhancement of potential accident sites and hazardous roadway conditions are protected and not subject to discovery. Therefore, if the plaintiffs are precluded from discovering any evidence of prior accidents at a particular location because DOTD has invoked the privilege set forth in 23 U.S.C. § 409, then it follows that, once DOTD invokes the privilege, DOTD is precluded from offering evidence establishing an absence of other accidents at the same location.
Nevertheless, despite our finding that counsel for DOTD's statements before the jury and its examination of Mr. Ricca concerning the lack of accidents at the accident site was error, whether counsel for DOTD's statements constituted error warranting a mistrial and whether allowing Mr. Ricca's testimony constituted a prejudicial evidentiary error warranting a de novo review present separate issues. Therefore, we will address such issues separately.
First, since the plaintiffs have raised an issue regarding an evidentiary ruling and since a finding of an evidentiary error may affect the applicable standard of review, in that this court must conduct a de novo review if the trial court commits an evidentiary error that interdicts the fact-finding process, alleged evidentiary errors must be addressed first on appeal. Devall v. Baton Rouge Fire Department, XXXX-XXXX, p. 3 (La. App. 1st Cir. 11/2/07), 979 So.2d 500, 502.
Initially, the standard of review for evidentiary rulings of a trial court is abuse of discretion; the trial court's ruling will not be disturbed unless it is clearly erroneous. Devall, XXXX-XXXX at p. 4, 979 So.2d at 503; see also Brandt v. Engle, XXXX-XXXX, p. 10 (La. 6/29/01), 791 So.2d 614, 621. If the trial court has abused its discretion in its evidentiary rulings, such that the jury verdict is tainted by the errors, the appellate court should conduct a de novo review. See McLean v. Hunter, 495 So.2d 1298, 1304 (La. 1986). Errors are prejudicial when they materially affect the outcome of the trial and deprive a party of substantial rights. Evans v. Lungrin, 97-0541, 97-0577, p. 7 (La. 2/6/98), 708 So.2d 731, 735. Thus, a de novo review should not be undertaken for every evidentiary error, but should be limited to errors that interdict the fact-finding process. Wingfield v. State, Department of Transportation and Development, 2001-2668, 2001-2669, p. 15 (La. App. 1st Cir. 11/8/02), 835 So.2d 785, 799, writs denied, XXXX-XXXX, XXXX-XXXX, XXXX-XXXX (La. 5/30/03), 845 So.2d 1059-60, cert, denied, 540 U.S. 950, 124 S.Ct. 419, 157 L.Ed.2d 282 (2003).
The plaintiffs assert that Mr. Ricca's testimony that he was not aware of any problems, reports of any problems, or accidents on the roadway at issue concerning rutting or excessive indentions, or of any pooling or ponding of water had a substantial effect on the outcome of the case and so tainted the jury's verdict that a de novo review should be undertaken by this court. We disagree.
While it was error and an abuse of the trial court's discretion to allow such testimony after DOTD had invoked the privilege set forth in 23 U.S.S. § 409, we do not find that the jury verdict was tainted by the error. During the trial, the jury was presented with ample evidenceexpert and otherwisewhich both contradicted Mrs. Quinn's testimony that pooling of water or a defective shoulder caused her vehicle to run off the highway and supported a factual finding that the roadway where the accident occurred did not contain a defect which created an unreasonable risk of harm. Given such evidence, we do not find that Mr. Ricca's brief testimony concerning the absence of other accidents where the accident occurred materially affected the outcome of the trial and deprived the plaintiffs of substantial rights. Therefore, a de novo review of this matter is not warranted.
As for the trial court's refusal to grant a mistrial, La. C.C.P. art. 1631(C) provides that "[t]he court on its own motion, or on the motion of any party, after hearing, may grant a mistrial." A mistrial may be declared because of a circumstance that indicates to the court that justice may not be done if the trial is allowed to continue. Griggs v. Riverland Medical Center, 98-256, p. 15 (La. App. 3rd Cir. 10/14/98), 722 So.2d 15, 23, writ denied. 99-0385 (La. 5/28/99), 735 So.2d 622. A motion for a mistrial in a civil case should be granted under the following circumstances: (1) when the trial judge determines that it is impossible to reach a proper judgment because of some error or irregularity; and (2) where no other remedy would provide relief to the moving party. Estate of Cristadoro v. Gold-Kist, Inc., XXXX-XXXX, p. 24 (La. App. 4th Cir. 1/23/02), 819 So.2d 1034, 1049, writ denied. XXXX-XXXX (La. 9/13/02), 824 So.2d 1171. Motions for mistrial should also be granted upon proof of prejudicial misconduct occurring during a jury trial which cannot be cured by admonition or instructions to the jury. Id. A trial court is granted great discretion in determining whether to grant a mistrial, since mistrials are not a matter of right. Id. The conduct of the trial is within the discretion of the trial court, and that discretion is subject to review only for abuse of that discretion. Estate of Cristadoro, XXXX-XXXX at p. 25, 819 So.2d at 1049. Generally, courts have accepted that a mistrial is a dramatic remedy; therefore, if no other remedy is available for the fact finder to consider in reaching an appropriate verdict, then a mistrial would be proper. Id.
Again, while we have found that counsel for DOTD's opening statements before the jury concerning the lack of accidents at the accident site were error, we do not find that the trial court abused its discretion by denying a mistrial based on those comments. In denying the plaintiffs' motion for mistrial, the trial court noted a variety of factors, such as the length of time that had passed since the accident, its own docket, and the cost of the jury and other legal costs that had been incurred by the parties in getting the matter brought forth to trial. Additionally, the trial court stated that the jury would be aware that DOTD had refused to disclose this information to the plaintiffs under 23 U.S.C. § 409. Apparently, the trial court concluded that justice could be served by allowing the trial to go forward, and based on the record, we do not find that the trial court abused its discretion by denying the plaintiffs' motion for mistrial.
Additionally, we note that the plaintiffs' motion for mistrial was also based on another series of statements made by counsel for DOTD in his opening statements. These statements were as follows:
Now, I'm not through yet because there's another version. As most of you, I'm assuming, should know, if you were to get into an accident with somebody who is uninsured or underinsured, you-all all need to realize that you can sue your own uninsured motorist coverage under your own policy. And that's exactly what was done in this situation.
The plaintiffs argue that these statements were inappropriate because although they initially named their UM insurer, State Farm, as a defendant in this action, State Farm was ultimately dismissed pursuant to a summary judgment granted in its favor. Since State Farm was dismissed pursuant to summary judgment, State Farm could not be considered in the allocation of fault. Therefore, the plaintiffs contend that the mention of the fact that the UM carrier was named as a defendant would lead the jury to believe that the plaintiffs had already recovered, thereby warranting a mistrial based on these statements.
When the court determines that a party or nonparty is not negligent, he may not be considered in the allocation of fault, and subsequent evidence may not be admitted to establish his fault. Duzon v. Stallworth, XXXX-XXXX, p. 18 (La. App. 1st Cir. 12/11/02), 866 So.2d 837, 854, writs denied, XXXX-XXXX, XXXX-XXXX (La. 5/2/03), 842 So.2d 1101, 1110; Bowie v. Young, XXXX-XXXX, p. 10 (La. App. 3rd Cir. 3/20/02), 813 So.2d 562, 570, writ denied, XXXX-XXXX (La. 6/21/02), 819 So.2d 335. Thus, we agree with the plaintiffs' assertions that once State Farm was dismissed as a defendant, State Farm could not be considered in the allocation of fault. However, the mention of the fact by counsel for DOTD during opening argument that the UM insurer in this case was named as a defendant in this case or that Mrs. Quinn's version of how the accident occurred changed after State Farm was dismissed, did not constitute evidence offered to establish fault on the part of State Farm. In fact, the trial court specifically informed the jury that the arguments or statements addressed to them by the lawyers were not evidence. Instead, we find that counsel for DOTD's statements were merely statements of what he believed the evidence would show the jurors during trial. Accordingly, we do not find that the trial court abused its discretion in denying the plaintiffs' motion for mistrial based on these statements.
Lastly, the plaintiffs contend that the trial court's decision to allow their petition to be introduced into evidence, with all reference to State Farm eliminated, was erroneous and confusing to the jury. As previously stated, once State Farm was dismissed as a defendant in this action, State Farm could not be considered in the allocation of fault. The petition offered into evidence contained a reference only to DOTDthe only defendant at trial to be allocated fault, if any. Therefore, the trial court's decision to admit the redacted petition into evidence was not an abuse of the trial court's discretion and did not taint the verdict of the jury.

III. CONCLUSION
For all of the above and foregoing reasons, the June 10, 2009 judgment of the trial court is hereby affirmed. All costs of this appeal are hereby assessed to the plaintiffs/appellants, Susan B. Quinn and William R. Quinn.
AFFIRMED.
WHIPPLE, J. dissents.
I respectfully disagree with the report in the above captioned matter, because I am not convinced that the trial court's erroneous evidentiary rulings were harmless error. To allow the DOTD to avail itself of a privilege to which it is entitled regarding prior accidents and to then argue to a jury that the plaintiffs' case fails because they have not demonstrated or established the existence of prior accidents is fundamentally unfair.
For these reasons, I respectfully dissent.
NOTES
[1] The trial court originally signed a judgment on August 13, 2008. However, that judgment did not contain the appropriate decretal language disposing of or dismissing the plaintiffs' claims. After this court issued a rule to show cause why the appeal should not be dismissed for that defect, the parties submitted, and the trial court signed, an amended judgment on June 10, 2009.